# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULAMNABI VAHORA,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY DIAGNOSTICS LABORATORY INC., et al.,<br><br>Defendants. | Case No. 1:16-cv-01624-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)**<br><br>**(Doc. 26)** |

Before the Court is Defendants' Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) (the "Motion"). (Doc. 26.) For the reasons provided herein, the Court DENIES Defendants' Motion WITHOUT PREJUDICE.[1] (*Id.*)

## I. BACKGROUND

This action arises out of a business dispute between Plaintiff and Defendants. Plaintiff filed his initial complaint on October 26, 2016. (*See* Doc. 1.) On January 9, 2017, Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8.)

In an order entered on April 3, 2017 (the "Order"), the Court granted in part and denied in part Defendants' motion to dismiss. (Doc. 24.) In the Order, the Court identified deficiencies in

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Docs. 10 & 27.)

Plaintiff's claims—specifically, the deficiencies related to Plaintiff's ninth cause of action. (*See id.* at 36.) At the conclusion of the Order, the Court stated the following:

> The Court denies Defendants' motion to dismiss [Plaintiff's] entire first cause of action. The Court grants without leave to amend Defendants' motion to dismiss [Plaintiff's] entire second, third, fourth, fifth, sixth, and seventh causes of action, and [Plaintiff's] eighth cause of action with respect to non-convertible property, as described above. The eighth cause of action will proceed only as to conversion of [Plaintiff's] "partnership interest," as described above. The Court dismisses [Plaintiff's] ninth cause of action with leave to amend. Any amended complaint shall be filed on or before April 24, 2017.

(*Id.* at 36–37.) Plaintiff subsequently filed his First Amended Complaint (the "Amended Complaint") on April 24, 2017. (Doc. 25.)

Defendants filed the Motion on May 8, 2017. (Doc. 26.) Plaintiff timely filed his opposition to the Motion on May 31, 2017, (Doc. 31), and Defendants filed their reply in support of the Motion on June 7, 2017, (Doc. 32). As such, the Motion is fully briefed and ready for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f)[2] provides, in part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) further states that "[t]he court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13–cv–01025–MCE–AC, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citing *Fantasy, Inc.*, 984 F.2d at 1527). "The function of a 12(f) motion to strike is to avoid

---

[2] In the Motion, Defendants request, in relevant part, that the Court strike portions of Plaintiff's Amended Complaint. (*See* Doc. 26, Ex. 1 at 9–13.) While Defendants styled this request as a motion under Federal Rule of Civil Procedure 12(b)(6), the Court construes this request as a motion to strike under Federal Rule of Civil Procedure 12(f), Local Rule 110, or the Court's inherent authority. *See, e.g.*, *Timbisha Shoshone Tribe v. Kennedy*, No. CV F 09-1248 LJO SMS, 2010 WL 582054, at *2 (E.D. Cal. Feb. 18, 2010) (analyzing a request to strike under Rule 12(f), Local Rule 110, and the court's inherent authority).

the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (alteration in original) (quoting *Fantasy, Inc.*, 984 F.2d at 1527).

Additionally, Local Rule 110 states that the "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "[D]istrict courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (citation omitted). For example, "based on its inherent powers, a court may strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or orders." *Jones v. Metro. Life Ins. Co.*, No. C–08–03971–JW (DMR), 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) (collecting cases); *see, e.g.*, *Dews v. Kern Radiology Med. Grp., Inc.*, No. 1:12–cv–00242–AWI–MJS (PC), 2013 WL 1284110, at *1 (E.D. Cal. Mar. 28, 2013) ("Courts have the inherent power to control their docket and in the exercise of that power . . . they may properly strike documents." (citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010))); *Timbisha Shoshone Tribe v. Kennedy*, No. CV F 09-1248 LJO SMS, 2010 WL 582054, at *2 (E.D. Cal. Feb. 18, 2010) (striking the "defendants' opposition as untimely and filed in violation of [the court's] order" pursuant to the court's "inherent power to control its own docket" and "Local Rule 110").

As noted by the Supreme Court, "[a] primary aspect" of a court's "inherent powers" is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). Nonetheless, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44.

### III. DISCUSSION

In the Motion, Defendants request, in relevant part, that the Court strike Plaintiff's second and third causes of action and the claims against Defendant Valley Diagnostic Laboratory due to Plaintiff's failure to comply with the limitations on amendment provided in the Court's Order. (*See* Doc. 26, Ex. 1 at 9–13.) As discussed below, the Court agrees with Defendants' assertion

3

that Plaintiff's Amended Complaint does not comply with the Court's Order. Nonetheless, the Court finds that striking the infringing portions of this pleading is premature.

"District [c]ourts in this circuit generally allow plaintiffs to add new claims and/or parties to an amended complaint where a prior order of dismissal granted leave to amend without limitation." *Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13–cv–01025–MCE–AC, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014) (citing *Katz v. Cal-W. Reconveyance Corp.*, 09–CV–04866–LHK, 2010 WL 3768049 (N.D. Cal. Sept. 21, 2010)); *see, e.g.*, *Cover v. Windsor Surry Co.*, Case No. 14-cv-05262, 2016 WL 3421361, at *3 (N.D. Cal. June 22, 2016) (citation omitted); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10–CV–01390–LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) (citations omitted); *Topadzhikyan v. Glendale Police Dep't*, No. CV 10-387 CAS (SSx), 2010 WL 2740163, at *3 n.1 (C.D. Cal. July 8, 2010). "However, . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken." *Ketab Corp. v. Mesriani & Assocs.*, 2:14-cv-07241-RSWL (MRW), 2015 WL 8022874, at *8 (C.D. Cal. Dec. 4, 2015) (citing *DeLeon*, 2010 WL 4285006, at *3); *see, e.g.*, *Jameson Beach Prop. Owners Ass'n*, 2014 WL 4925253, at *3 ("[W]here a prior court order granted limited leave to amend, [d]istrict [c]ourts in this circuit generally strike new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend." (citing *Benton v. Baker Hughes*, CV–12–07735–MMM, 2013 WL 3353636 (C.D. Cal. June 30, 2013) and *Crane v. Yarborough*, CV 05–8534–DSF, 2012 WL 1067956 (C.D. Cal. Mar. 29, 2012))). *But see Khan v. K2 Pure Sols., L.P.*, Case No. 12–cv–05526–WHO, 2013 WL 6503345, at *11 (N.D. Cal. Dec. 4, 2013) ("Exceeding the scope of a court's leave to amend is not necessarily sufficient grounds for striking a pleading or portions thereof." (quoting *Lamumba Corp. v. City of Oakland*, No. 05–cv–2712, 2006 WL 3086726, at *4 (N.D. Cal. Oct. 30, 2006))). "Thus, whether a district court will accept new claims and/or parties in an amended complaint after a motion to dismiss will depend on whether the plaintiff was granted leave to amend with or without limitation." *Jameson Beach Prop. Owners Ass'n*, 2014 WL 4925253, at *3 (citing *Urista v. Bank of Am., N.A.*, C11–03097–HRL, 2012 WL 10596, at *3 (N.D. Cal. Jan. 3, 2012)). "In all of these cases, courts looked at the

specific language of the prior order to determine whether or not leave to amend was granted without limitation." *Id.*

In the Order, the Court denied Defendants' motion to dismiss as to Plaintiff's first cause of action, granted the motion to dismiss "without leave to amend" as Plaintiff's second-through-seventh causes of action and part of Plaintiff's eighth cause of action, and dismissed Plaintiff's "ninth cause[] of action with leave to amend." (Doc. 24 at 36–37.) The Court also specifically identified the deficiencies as to Plaintiff's ninth cause of action. (*See id.* at 36.)

When analyzing similar orders that granted leave to amend as to certain specified claims and identified the deficiencies in those claims, courts in this District have found that leave to amend was granted *with* limitation. *See, e.g.*, *Kouretas v. Nationstar Mortg. Holdings, Inc.*, No. 2:13–CV–02632–MCE–KJN, 2015 WL 1751750, at *2 (E.D. Cal. Apr. 16, 2015) (finding that the plaintiff's new claims should be dismissed as exceeding the scope of the court's order where the order granted the defendants' motion to dismiss and provided "leave to amend as to" a specific claim, but "without leave to amend" as to the plaintiff's other claims); *Espino v. Walgreen Co.*, No. 2:15-cv-00423-MCE-AC, 2016 WL 931098, at *3 (E.D. Cal. Mar. 11, 2016) (finding that an order that allowed the plaintiff to "cure the deficiencies identified" in an order did "not include leave to add new claims and defendants"); *Coppola v. Smith*, 19 F. Supp. 3d 960, 971 (E.D. Cal. 2014) (finding that the plaintiff exceeded the court's order granting leave to amend where the amended complaint included a new legal "theory" and the order only granted leave to amend the complaint "to refine and address the identified deficiencies" in a particular claim); *Jameson Beach Prop. Owners Ass'n*, 2014 WL 4925253, at *3 (granting the defendant's motion to strike and finding that the court "was specific about the purpose of the limited leave granted" where the court granted the defendant's motion to dismiss "with leave to amend as to" a specified claim and "without leave to amend as to all other claims" and "identified the deficiency to be cured with respect to the" specified claim); *see also Benton*, 2013 WL 3353636, at *3 (finding that the plaintiff's "new claims" exceeded "the scope of the leave to amend granted" and striking "the newly added claims" where the court's "order granted [the plaintiff] leave to amend only to address the deficiencies in his existing causes of action identified in its order" and "did not grant

5

[the plaintiff] leave to add new claims"); *DeLeon*, 2010 WL 4285006, at *3 (finding that "the prior order granting leave to amend was limited in scope" and did not permit the plaintiff to "add[] new claims" where the order dismissed certain claims, but granted leave to amend as to a single claim because the plaintiff potentially could have alleged additional facts resolving the deficiencies identified in the order (citing *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119 (N.D. Cal. 2010))). The Court agrees with these decisions and finds that the Order granted a limited leave to amend―specifically, Plaintiff was only granted leave to amend his ninth cause of action. (*See* Doc. 24 at 36–37.)

It is uncontested that Plaintiff included new allegations and claims in his Amended Complaint that extend beyond the limited permitted amendment as to the ninth cause of action. (*See, e.g.*, Doc. 31 at 11.) As such, the Court finds that portions of Plaintiff's Amended Complaint do not comply with the limitations on amendment provided in the Court's Order.

Nonetheless, the Court finds that the interests of judicial efficiency weigh against striking the infringing portions of Plaintiff's Amended Complaint at this time. As frequently noted by courts in this District, "the court may choose not to strike the pleading in the interests of judicial economy" even "when a pleading is improperly filed." *Manzano v. Metlife Bank N.A.*, No. CIV. 2:11–651 WBS DAD, 2011 WL 2080249, at *3 (E.D. Cal. May 25, 2011) (collecting cases). "This is often true when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." *Id.* (citation omitted).

This case is in its infancy and the Court has not yet entered a scheduling order. Consequently, Plaintiff may be able to successfully move to amend his complaint, such that the entire Amended Complaint would become the operative complaint in this action.[3] The Court thus

---

[3] In his opposition to the Motion, Plaintiff argues that, even if the Court determines that the Amended Complaint does not comply with the Order, the Court should nonetheless "treat the [Amended Complaint] as properly filed." (Doc. 31 at 17.) Given the present preliminary posture of this case, the Court declines Plaintiff's invitation to treat the Amended Complaint as the operative complaint absent a pending motion to amend. Further, Plaintiff has not yet filed a motion to amend and, consequently, the parties have not been given a full opportunity to brief the pertinent considerations pertaining to a motion to amend under Federal Rule of Civil Procedure 15(a). *See generally Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (discussing the standard pertaining to motions to amend under Rule 15(a)). The Court will entertain a motion to amend if Plaintiff files such a motion.

finds that it is premature to strike the portions of Plaintiff's Amended Complaint that do not comply with the Court's Order. Instead, the Court shall deny Defendants' Motion without prejudice and provide Plaintiff an opportunity to demonstrate that amendment is appropriate under Federal Rule of Civil Procedure 15(a).[4]

### IV. CONCLUSION

For the reasons provided herein, the Court DENIES Defendants' Motion, (Doc. 26), WITHOUT PREJUDICE. The Court further ORDERS that Plaintiff may file a motion to amend seeking to make the Amended Complaint, (Doc. 25), the operative complaint in this matter by no later than June 27, 2017. Defendants may then file an opposition to this motion to amend by no later than July 11, 2017, and Plaintiff may file a reply in support of this motion to amend by no later than July 18, 2017. If Plaintiff's motion to amend is unsuccessful—or if Plaintiff fails to file such a motion by the date provided above—Defendants may again file a motion to strike the portions of the Amended Complaint that do not comply with the Court's Order.

IT IS SO ORDERED.

Dated: **June 14, 2017**           /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

---

[4] In the Motion, Defendants also request that the Court dismiss "the entire complaint" for failing to comply with Federal Rule of Civil Procedure 8(a). (Doc. 26, Ex. 1 at 13.) As the Court permits Plaintiff to file a motion to amend the complaint, the Court finds that it is also premature to address Defendants' arguments as to Rule 8(a). The Court will entertain a renewed motion to dismiss from Defendants once the language of the operative complaint is settled by Plaintiff (1) successfully or unsuccessfully moving to amend the complaint, or (2) failing to file a motion to amend by the date provided herein.