# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULAMNABI VAHORA,<br><br>        Plaintiff,<br><br>  v.<br><br>VALLEY DIAGNOSTICS LABORATORY, INC., et al.,<br><br>        Defendants.<br>_____/ | Case No. 1:16-cv-01624-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**(Doc. 35)** |

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint (the "Motion to Amend").[1] (Doc. 35.) For the reasons provided herein, the Court GRANTS this motion. (*Id.*)

Federal Rule of Civil Procedure 15(a)(2)[2] provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states

---

[1] The Court construes the Motion to Amend as seeking leave to file a *second* amended complaint, as Plaintiff previously filed a First Amended Complaint on April 24, 2017. (*See* Doc. 25.)

[2] In their briefing, the parties discuss the "good cause" standard for amendment under Federal Rule of Civil Procedure 16(b)(4). Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." In other words, "[o]nce the district court . . . file[s] a pretrial scheduling order pursuant to Federal Rule of Procedure 16 which established a timetable for amending pleadings," then "that rule's standards control[]" and "not Rule 15(a)." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

    The Court has yet to enter a schedule for this matter. Consequently, the appropriate standard for addressing Plaintiff's Motion to Amend is the factor analysis under Rule 15(a)(2) and *not* the "good cause" standard under Rule 16(b)(4). *See, e.g.*, *Evans v. Nuehring*, No. 2:09-cv-00292 TLN AC, 2016 WL 7159246, at *1 (E.D. Cal. Dec. 8, 2016) (noting that "Rule 15(a)(2) applies" where the "plaintiff is not attempting . . . to modify the case management scheduling order").

that "[t]he court should freely give leave when justice so requires." "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *United States v. Salera*, No. 2:09–cv–02290–GEB–DAD, 2013 WL 1284311, at *1 (E.D. Cal. Mar. 28, 2013) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

"The factors commonly considered to determine the propriety of a motion for leave to amend are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment." *G.P.P., Inc. v. Guardian Prot. Prods., Inc.*, Case No. 1:15-cv-00321-SKO, 2016 WL 4041194, at *5 (E.D. Cal. July 27, 2016) (citing *Foman v. Davis*, 182 (1962)); *cf. Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (noting that, in addition to these four factors, courts "often consider" whether "the party has previously amended his pleadings" (citing *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991))). Among these factors, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052 (citation omitted); *see also Bonin*, 59 F.3d at 845 ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052 (citation omitted); *cf. Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself . . . is insufficient to justify denying a motion to amend." (citation omitted)).

Turning first to bad faith, Defendants raise two pertinent arguments as to why Plaintiff brings the Motion to Amend in bad faith. (*See* Doc. 36 at 11–12.) First, Defendants contend that "Plaintiff has sought to add allegations, parties, and causes of action in violation of the Court's [o]rder after the prior motion to dismiss without explanation for its reasons for violating the Court's [o]rder." (*Id.* at 11.) However, in its order entered on June 14, 2017, the Court denied Defendants' request to strike portions of Plaintiff's prior amended complaint and provided "Plaintiff an opportunity to demonstrate that amendment is appropriate." (Doc. 34 at 6–7.) As the

Court explicitly permitted Plaintiff to seek amendment, the Court is not persuaded by Defendants' argument regarding Plaintiff adding additional allegations and claims in the proposed amended complaint. *Cf. Salera*, 2013 WL 1284311, at *1 ("This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." (quoting *DCD Programs, Ltd.*, 833 F.2d at 186)).

Second, Defendants argue that the proposed amended complaint "contradicts the allegations of the [original complaint], which justifies denial of the present [Motion to Amend]." (Doc. 36 at 11.) The Court also disagrees with this argument. The Court is not aware of—and Defendants have not cited—any additional allegations that conflict with those provided in Plaintiff's original complaint. *Cf. NetApp, Inc. v. Nimble Storage, Inc.*, Case No. 5:13-CV-05058-LHK (HRL), 2015 WL 400251, at *10 (N.D. Cal. Jan. 29, 2015) (finding that amendment would be futile where a proposed new allegation "would contradict the allegations [the plaintiff] made in its" first complaint). To the contrary, the new allegations that Defendants cite in their briefing merely provide additional context to Plaintiff's claims. (*See* Doc. 36 at 7–9.) Absent any indication of bad faith, the Court finds that this factor weighs in favor of permitting amendment.

As to futility, there is no indication in the record that Plaintiff's proposed amendment would be futile. The Court therefore finds that the futility factor weighs in favor of granting the Motion to Amend.

Regarding undue delay, the Court previously noted that "[t]his case is in its infancy and the Court has yet to enter a scheduling order." (Doc. 34 at 6.) As this case is in a preliminary posture, the Court finds that Plaintiff did not unduly delay in seeking amendment.

Finally, given the present posture of this matter, Defendants would suffer little to no harm due to the amendment. Defendants nonetheless contend that "[t]he discovery" that will be required to address Plaintiff's allegations in the proposed amended complaint will be costly. (Doc. 36 at 12.) However, litigation inherently involves costs and the potential to incur such costs in the first instance—*i.e.*, where, as here, the parties have yet to engage in any discovery—is insufficient to demonstrate the requisite prejudice. *See, e.g.*, *Gilman v. Davis*, No. CIV. S–05–830 LKK/GGH, 2009 WL 577768, at *4 (E.D. Cal. Mar. 4, 2009) (stating that "[d]efending a lawsuit .

. . necessarily involves significant costs" and "[t]hese costs are not themselves prejudicial"); *see also Artemus v. Louie*, Case No. 16-cv-00626, 2017 WL 747368, at *4 (N.D. Cal. Feb. 27, 2017) ("[M]erely having to defend against additional claims does not show prejudice." (citing *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981))); *cf. AmerisourceBergen Corp. v. Dailysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (finding that the defendant would be prejudiced by amendment where the plaintiff sought to "advance different legal theories and require proof of different facts" in the middle of discovery); *Witkin v. Lotersztain*, No. 2:15-cv-0638 MCE KJN P, 2016 WL 7404764, at *4 (E.D. Cal. Dec. 22, 2016) ("Courts have found undue delay weighing against granting leave to amend where a motion for leave to amend is filed near or after the close of discovery." (collecting cases)).  The Court therefore finds that amendment will not result in prejudice to Defendants and, consequently, this factor weighs in favor of granting the Motion to Amend.

In summary, the Court finds that the pertinent factors weigh in favor of permitting amendment.  The Court therefore finds that it is appropriate to permit Plaintiff to amend his complaint.[3]

For these reasons, the Court GRANTS Plaintiff's Motion to Amend. (Doc. 35.) The Court therefore ORDERS Plaintiff to file the proposed amended complaint attached to the Motion to

---

[3] Defendants also argue that the Motion to Amend—and its supplemental materials—does not satisfy Federal Rule of Civil Procedure 7(b) because "Plaintiff has failed to state the grounds for [amendment] with particularity." (Doc. 36 at 10–11.)  This argument is devoid of merit.

Federal Rule of Civil Procedure 7(b) states, in relevant part, that "[a] request for a court order must be made by motion" and "[t]he motion must . . . state with particularity the grounds for seeking the order." *See generally Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1978) (stating that the particularity requirement of Rule 7(b) applies to motions to amend under Rule 15(a)). "The specificity requirement of Rule 7(b) has generally been interpreted liberally." *United States v. Vacante*, 717 F. Supp. 2d 992, 1019 (E.D. Cal. 2010) (citations omitted). "However, at a minimum, it must be applied so as to provide the opposing party with sufficient information to respond, and the Court with sufficient information to rule on the motion." *Id.* (citation omitted).

In this case, Plaintiff (1) filed a memorandum addressing the factors pertinent to amendment under Rule 15(a)(2), (*see* Doc. 35, Ex. 1), and (2) attached a copy of the proposed amended complaint, (*see id.*, Ex. 3). The Court finds that these submissions are more than sufficient to satisfy the particularity requirement of Rule 7(b). *See, e.g.*, *Wagner v. Prof'l Eng'rs in Cal. Gov't*, No. CIV. S-99-1692 GEB DAD, 1999 WL 1489777, at *12 (E.D. Cal. Nov. 8, 1999) (finding that the particularity requirement of Rule 7(b) was satisfied where the plaintiff "submitted" a "copy of the amended complaint . . . along with the motion for leave to amend" (citing *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1984))), *rev'd on other grounds*, 3 F. App'x 594 (9th Cir. 2001); *cf. Green v. Shoreline Cmty. Coll.*, No. C06-465P, 2006 WL 3761366, at *14 (W.D. Wash. Dec. 21, 2006) (finding that the plaintiff's motion to amend did not satisfy Rule 7(b) where the motion "was nearly incomprehensible, failed to name the additional defendants that [the plaintiff] wished to sue, and did not include a copy of the proposed amended complaint"). As such, Defendants' argument relating to Rule 7(b) has no merit.

Amend, (*See* Doc. 35, Ex. 3), as the "Second Amended Complaint" by no later than August 2, 2017.

IT IS SO ORDERED.

Dated:   **July 25, 2017**                                        /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE