Maria S. Bellafronto (State Bar No. 161994)
mbellafronto@hopkinscarley.com
Monique D. Jewett-Brewster (State Bar No. 217792)
mjb@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

***mailing address:***
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Philip S. Rosenzweig, Esq.
*Admitted Pro Hac Vice*
SILVERANG, DONOHOE,
ROSENZWEIG & HALTZMAN, LLC
595 E. Lancaster Avenue, Suite 203
St. Davids, PA 19087

Attorneys for Plaintiff
Gulamnabi Vahora, M.D., Ph.D.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GULAMNABI VAHORA, M.D., Ph.D.,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY DIAGNOSTICS LABORATORY INC., et al.<br><br>Defendants. | CASE NO. 1:16-CV-01624- SKO<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

# TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 5

II. STATEMENT OF FACTS ..... 5

III. PROCEDURAL HISTORY ..... 5

IV. LEGAL ARGUMENT ..... 6

A. Standard of Review Under Rule 12(b)(6) ..... 7

B. Counts II and III of the Second Amended Complaint are Timely ..... 7

C. VDL is a Proper Party to the Second Amended Complaint ..... 11

D. The Second Amended Complaint Comports with the Requirements of Fed. R. Civ. P. 8(a) ..... 13

V. CONCLUSION ..... 16

## TABLE OF AUTHORITIES

**Page**

### CASES

*Amen v. Merced County Title Co.*,
58 Cal. 2d 528 (Cal. 1962) .......... 9

*Ashcroft v. Iqbal*,
129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .......... 7

*Balistreri v. Pacifica Police Dep't.*,
901 F. 2d 696 (9th Cir. 1990) .......... 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .......... 7, 13

*Conley v. Gibson*,
355 U.S. 41, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) .......... 13, 14

*King v. County of Los Angeles*,
2016 U.S. Dist. LEXIS 29605 (C.D. Cal. Mar. 8, 2016) .......... 15

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,
507 U.S. 163, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993) .......... 13

*Lucioni v. Bank of America, N.A.*,
3 Cal. App. 5th 150 (2016) .......... 9

*McHenry v. Renne*,
84 F. 3d 1172 (9th Cir. 1996) .......... 15

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
521 F. 3d 1097, 1104 (9th Cir. 2008) .......... 14

*Moya v. Northrup*,
10 Cal. App. 3d 276 (1st Dist. Aug. 6, 1970) .......... 9

*Papasan v. Allain*,
478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) .......... 13

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) .......... 13

*Topadzhikyan v. Glendale Police Dep't*,
2010 U.S. Dist. LEXIS 78717, 2010 WL 2740163 (C.D. Cal. July 8, 2010) .......... 7

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*,
754 F. Supp. 2d 1145 (C.D. Cal. 2010) .......... 7

*United States v. City of Redwood City*,
640 F. 2d 963 (9th Cir. 1981) .......... 7

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**STATUTES**

Code of Civil Procedure § 337 ....... 5, 9
Code of Civil Procedure § 339 ....... 5, 6, 7, 8, 9, 11

**RULES**

Federal Rule of Civil Procedure 8(a) ....... 5, 6, 13, 14, 15, 16
Federal Rule of Civil Procedure 12(b)(6) ....... 5, 6, 7, 14, 15
Federal Rule of Civil Procedure 12(e) ....... 13
Federal Rule of Civil Procedure 56 ....... 13

**OTHER AUTHORITIES**

5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1202 (2d ed. 1990) ....... 13

## I.

## INTRODUCTION

Plaintiff Dr. Gulamnabi Vahora ("Plaintiff" or "Dr. Vahora"), by and through undersigned counsel, hereby responds to and opposes the Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging violations of Fed. R. Civ. P. 8(a) and Sections 337 and 339 of the California Code of Civil Procedure (the "Motion"). The Motion is brought by Defendants Valley Diagnostic Laboratory, Inc. ("VDL") and Naeem Mujtaba Qarni ("Naeem," or together with VDL, "Defendants").

Plaintiff maintains that each of the four counts of his Second Amended Complaint is properly before the Court. The Motion evidences Defendants' confusion or misapprehension of the allegations contained in the Second Amended Complaint. Specifically, contrary to the Defendants' assertions in the Motion, both Count II and Count III of the Second Amended Complaint are timely under the California Code of Civil Procedure, as neither of these Counts alleges that the loans at issue were due upon demand, neither claim expired in 2015, and both counts properly allege breach of a written agreement. In addition, VDL is a properly named defendant in this matter. Finally, the Second Amended Complaint complies with the requirements of Fed. R. Civ. P. 8(a). As a result, the instant Motion should be denied in its entirety.

## II.

## STATEMENT OF FACTS

The facts of this case are known to the Court and have not changed since the Court's April 3, 2017 ruling on the first Motion to Dismiss the original Complaint, or the Court's June 14, 2017 Order denying Defendants' second Motion to Dismiss Plaintiff's First Amended Complaint. Therefore, Plaintiff incorporates herein paragraphs 15-158 of the Second Amended Complaint ("SAC").

## III.

## PROCEDURAL HISTORY

On October 26, 2016, Plaintiff filed a nine-count Complaint against Defendants, as well as

against Najam and Masood, alleging breach of oral contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, promissory estoppel, breach of California's Unfair Competition Law, civil conspiracy to commit fraudulent deceit, intentional misrepresentation, conversion and declaratory relief. On January 9, 2017, Defendants and Masood moved to dismiss the Complaint. In an Order dated April 3, 2017, the Court dismissed without leave to amend counts other than breach of oral contract, conversion (as to Dr. Vahora's partnership interest only), and declaratory relief - which last count was dismissed with leave to amend. The Court in its Order also invited Plaintiff to file his amended complaint on or before April 24, 2017.

Accordingly, Plaintiff filed his four-count First Amended Complaint on April 24, 2017. On May 8, 2017, Defendants moved to dismiss the First Amended Complaint - their second motion to dismiss in this case. On June 14, 2017, the Court denied Defendants' motion to dismiss the First Amended Complaint. On June 27, 2017, Plaintiff sought the Court's leave to amend the First Amended Complaint, which was granted by the Court on July 25, 2017. Thereafter, on July 26, 2017, Plaintiff filed his four-count Second Amended Complaint. Defendants filed the instant Motion – their *third* motion to dismiss in this litigation – on August 8, 2017. On August 9, 2017, the Court reset the return date for the instant motion to October 4, 2017.

## IV.

## LEGAL ARGUMENT

Defendants ask this Honorable Court to dismiss the four counts of the Second Amended Complaint as failing to state cognizable claims under Fed. R. Civ. P. 12(b)(6) because the entire Second Amended Complaint purportedly contravenes the federal pleading standards set forth in Fed. R. Civ. P. 8(a), and because certain claims are allegedly untimely under California Code of Civil Procedure § 339. In actuality, the Second Amended Complaint comports with the requirements of Rules 8(a) and 12(b)(6) as well as the time constraints set forth in the California Civil Code. Therefore, Plaintiff respectfully requests that this Honorable Court reject this, the Defendants' third motion to dismiss, in its entirety and permit the Second Amended Complaint to proceed to responsive pleadings and then to discovery.

/ / /

**A. Standard of Review Under Rule 12(b)(6)**

Defendants seek dismissal of Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) challenge, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1169 (C.D. Cal. 2010) (citing and *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

> In resolving a Rule 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true . . . Second, assuming the veracity of well-pleaded factual allegations, the Court must determine whether they plausibly give rise to an entitlement to relief. This determination is context-specific, requiring the Court to draw on its experience and common sense . . .

*In re Toyota Motor Corp.*, 754 F. Supp. 2d at 1169 (internal citations and quotations omitted). Therefore, "it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6)." *Topadzhikyan v. Glendale Police Dep't*, 2010 U.S. Dist. LEXIS 78717 at *6, 2010 WL 2740163 (C.D. Cal. July 8, 2010) (citing *United States v. City of Redwood City*, 640 F. 2d 963, 966 (9th Cir. 1981)). When this standard is applied to the instant Motion, Defendants cannot prevail.

**B. Counts II and III of the Second Amended Complaint are Timely**

Defendants argue in their Motion that Counts II and III of the Second Amended Complaint are untimely under Section 339 of the California Code of Civil Procedure. Mot. 8:6-9:15. Section 339 of the Cal. Code Civ. Proc. provides a two year statute of limitations for "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing[.]" Defendants allege in the Motion that Counts II and III of the Second Amended Complaint are untimely because both counts pertain to loans "due upon demand,"[1] such demand was made in

---

[1] *See* Mot. 9:6.

July 2013 when VDL was "profitable,"[2] and any claim with respect to Naeem's failure to repay the alleged demand expired in July 2015. Mot. 8:6-9:15.

Defendants are wrong for several reasons. First, the loans at issue in both Count II and Count III were "reduced to writing," and therefore Cal. Code Civ. Proc. § 339 does not apply. *See* Second Amended Compl. ¶¶ 176-177, 186-187, Ex. 3 & Ex. 9. Second, neither Count II nor Count III alleges the existence of any loan "due upon demand," or any demand for repayment by Dr. Vahora. Third, because Defendants withheld the books and records of VDL from Dr. Vahora between 2013 and 2016, Plaintiff has no knowledge of and makes no allegations with respect to VDL's profitability or actual sale and/or the Defendants' ability to repay the loans, which triggers Defendants' repayment obligations. For these reasons, the breach of contract claims *are* timely, therefore the Motion pursuant to Section 339 of the California Code of Civil Procedure must fail.

> Count II of the Second Amended Complaint alleges that
>
> 176. . . . Dr. Vahora agreed to lend VDL funds on an advance basis to meet VDL's unfunded operating expenses while Naeem learned the laboratory business. Naeem promised to repay these funds to Dr. Vahora over time. . .
> 178. The agreement does not define the loan amount, but rather contemplates that the loan would cover the laboratory's initial operating expenses until the lab became profitable.
> 179. The agreement also clearly provides that Naeem is personally responsible for repaying the loan . . .
> 182. Naeem breached the loan agreement with Dr. Vahora by failing to repay any of the funds lent by Dr. Vahora to VDL.
> 183. VDL also breached the loan agreement with Dr. Vahora by failing to repay any of the funds lent by Dr. Vahora to VDL.

SAC ¶¶ 176, 179, 182, 183. Count III of the Second Amended Complaint alleges that

> 187. . . . Dr. Vahora promised to make a personal loan to Naeem, and Naeem promised to repay the personal loan "through [Naeem's] profit income [from VDL] over a period of time."
> 188. There was no set deadline for repayment of Dr. Vahora's personal loan to Naeem.
> 189. The contract's time for performance, therefore, was ongoing until such time as Naeem's profits from VDL afforded complete repayment of Dr. Vahora's personal loan to Naeem. . . .
> 193. Dr. Vahora performed his obligations under the personal loan agreement he made with Naeem. Naeem has refused and failed to repay the personal loan that Dr. Vahora made to him.

---

[2] *Id.* at 8:24-28 (citing SAC ¶ 123).

*Id.* ¶¶ 187, 188, 189, 193, 194.

Defendants argue that Count III in particular is not "based on a written agreement." Mot. at 7:10-8:5. Defendants are mistaken, however, because the written correspondence attached as Exhibit 9 to the Second Amended Complaint permanently evidences the terms of the parties' agreement. Although the terms of Dr. Vahora's personal loan agreement with Naeem were reached during a telephone conversation, Naeem himself reduced those terms to writing and transmitted that writing to Dr. Vahora. SAC ¶¶ 71-72. Specifically, on October 30, 2012, Naeem wrote to Dr. Vahora "with reference to our telephonic conversation" in order to document that "[t]he following points were discussed on which we have agreed upon [sic]." SAC Ex. 9. With respect to Dr. Vahora's personal loan, Naeem wrote that he would "keep the working capital [loan] separate" and that the personal loan would be "paid off through my profit income over a period of time."[3] *Id.* Crucially, the October 30, 2012 writing establishes the "terms of the agreement." Mot. at 7:18-20 (citing and quoting *Lucioni v. Bank of America, N.A.*, 3 Cal. App. 5th 150, 165 (2016)). In *Lucioni*, the court determined that written proof of the performance of an oral agreement does not create a written agreement. 3 Cal. App. 5th at 165. Here, by contrast, Naeem produced a written confirmation of the terms of an oral promise, which has long been held under California law to constitute a written agreement for statute of limitations purposes. *Amen*, 58 Cal.2d at 532-33 (holding that an oral promise to carry out written instructions was "on a written contract" for purposes of the statute of limitations, because the writing provided "evidence in permanent form of the terms of the agreement."). Because the contract at issue in Count III (and Count II, for that matter) is evidenced by a writing containing the permanent terms of the agreement, Section 339 of the California does not apply, and the longer four-year statute of limitations under Section 337 instead applies. As a result, Count III is timely made and should not be dismissed.

---

[3] Implicit in this October 30, 2012 writing are the remaining terms which were established by telephone, such as the loan amount. It has long been held in California for statute of limitations purposes that an action is on a written contract even though it is based on a promise implied from the writing. *See Moya v. Northrup*, 10 Cal. App. 3d 276 (1st Dist. Aug. 6, 1970); *Amen v. Merced County Title Co.*, 58 Cal. 2d 528 (Cal. 1962).

Defendants also claim that Counts II and III are untimely because the loans at issue came due when VDL became profitable in July 2013. Although VDL's profitability does trigger Defendants' repayment obligations, they make the mystifying statement in their Motion that "Vahora alleges in his complaint [sic] that VDL was profitable as of July 27, 2013." Mot. at 8:24-25. In support, Defendants cite to Dr. Vahora's exasperated July 27, 2013 e-mail to Naeem - nearing the end of a string of attempts to communicate with Naeem about VDL, which Naeem ignored - wherein Dr. Vahora seeks Naeem's recognition of Dr. Vahora's outsized contributions to VDL. The Second Amended Complaint clearly pleads that Plaintiff had *no knowledge* regarding VDL's profitability in July 2013 because Naeem refused to share any financial information with Plaintiff. *See* SAC ¶ 190 ("From July 2013 until August 2016, Naeem withheld all financial information about VDL from Dr. Vahora. As a result, Plaintiff has no information as to the profitability of VDL during that time.").

Finally, Defendants argue that the loans at issue in Counts II and III of the Second Amended Complaint were loans "due upon demand," and that Dr. Vahora demanded repayment in 2013. Strangely, Defendants also recount an *event that never occurred*, namely that "Naeem demanded repayment of the money that he had provided . . ." Mot. at 8:27. In support, Defendants cite to paragraph 126 of the Second Amended Complaint, which excerpts a July 31, 2013 e-mail from Naeem wherein he agrees to repay the loan to Dr. Vahora at "a justifiable amount, in a mutually agreed manner, within a mutually agreed time frame . . ." SAC ¶ 126 & Ex. 39 p. 2. But nowhere does the Second Amended Complaint allege that Naeem provided any funds to Dr. Vahora or any other party. Perhaps Defendants intended to allege that *Dr. Vahora* demanded repayment, although it is unclear whether this "demand" was purportedly made with reference to Dr. Vahora's personal loan to Naeem (Count III) or his installment loan to VDL (Count II).

In reality, the Second Amended Complaint does not evidence any such "demand" by Dr. Vahora. Nor does it allege that either of the loans at issue were "due upon demand." Instead, it documents an "open end loan from Dr. Vahora to VDL," SAC ¶ 68, and a "personal loan from Dr, Vahora [which] would be paid off through Naeem's profit income over a period of time."

*Id.*¶ 72. The Second Amended Complaint does not document any demand for repayment of a "due upon demand" loan, but rather unambiguously recites Dr. Vahora's June 2013 search for a new laboratory director to replace Naeem (SAC ¶¶ 112-113), Dr. Vahora's e-mails of July 10, 12, 16 and 18, 2013 e-mail detailing his displeasure with Naeem's laboratory mismanagement and firing of Alfonso Flores (SAC ¶¶ 119-121 & Ex. 35 p. 1 & 37), and Dr. Vahora's numerous e-mails to Naeem on July 16, 18, 21 and 27, 2013 "about winding down the partnership, and making a plan for VDL's management and ownership after the company was dissolved" (SAC ¶¶ 122-123, 127-130, 132 Ex. 37-39). In fact, the Second Amended Complaint specifically states that "Dr. Vahora believed that . . . the $380,000 loan he extended to VDL which was guaranteed by Naeem and the personal loan he extended directly to Naeem **would be repaid if and when the business was sold.**" SAC ¶ 142. This was not a demand loan, and the Defendants' allegation that Dr. Vahora made a "demand to repay the money" is baseless and flatly inaccurate. Mot. at 9:2.

In sum, Defendants' assertion in their Motion that Counts II and III are untimely under Cal. Code Civ. Proc. § 339 is completely wrong. The loans are memorialized in writing, therefore Section 339 does not apply to Counts II and III. Further, as the Second Amended Complaint clearly sets forth, the loans are not "demand loans," and no demand was made in July 2013, therefore the statute of limitations was not triggered in July 2013. Finally, Defendants' claim that VDL was profitable in July 2013 - thus triggering the statute of limitations as to Count II - is baseless, as the Second Amended Complaint unmistakably pleads that Defendants withheld all information about VDL's profits between 2013 and 2016. As a result, defendants' Motion should be rejected as to Counts II and III of the Second Amended Complaint.

### C. VDL is a Proper Party to the Second Amended Complaint

Defendants' Motion seeks dismissal of the Second Amended Complaint against VDL on the basis that it does "not allege sufficient facts against VDL to keep it in the present action." Mot. at 9:22. Specifically, Defendants argue that Count II of the Second Amended Complaint fails to allege "the formation of a contract between a defendants and the plaintiff, and the defendant's breach of the agreement," Mot. at 9:26-27, and that Count IV fails to "allege that

VDL itself has exercised control over Vahora's alleged management control rights over VDL to prevent Vahora from exercising those rights." *Id.* at 10:8-10. As the Second Amended Complaint itself bears out, both Count II and Count IV constitute valid claims against VDL.

Count II of the Second Amended Complaint alleges that "Dr. Vahora agreed to lend VDL funds on an advance basis to meet VDL's unfunded operating expenses while Naeem learned the laboratory business. Naeem promised to repay these funds to Dr. Vahora over time." SAC ¶ 176. This clearly asserts the formation of a loan contract between Dr. Vahora and VDL. Count II further alleges that "[a]lthough VDL is a beneficiary under the loan agreement, and not a debtor or guarantor, it is secondarily liable to Dr. Vahora under the agreement insofar as the loan was extended for the purpose of achieving the operational profitability of VDL." *Id.* ¶ 180. This clarifies VDL's liability under the loan contract. Finally, Count II of the Second Amended Complaint alleges that "VDL also breached the loan agreement with Dr. Vahora by failing to repay any of the funds lent by Dr. Vahora to VDL." *Id.* ¶ 183. This allegation of breach is self-explanatory. Thus, with respect to Count II, VDL is a properly named defendant for purposes of the instant Motion.

Count IV of the Second Amended Complaint alleges that the portion of VDL's profits due and owing to Dr. Vahora have instead been misappropriated by Naeem, and that Dr. Vahora has not been compensated for his majority ownership interest in VDL or repaid for his $380,000 installment loan to VDL. SAC ¶¶ 152-154, 157, 198, 200-201, 203. The Second Amended Complaint also alleges that "[f]rom July 2013 until August 2016, Naeem withheld all financial information from Dr. Vahora." *Id.* ¶ 190. Thus, defendants have kept all information concerning the specific nature of the conversion of Plaintiff's interests in the ownership and income of VDL shrouded in secrecy.

Furthermore, the Second Amended Complaint alleges that Naeem has marketed VDL for sale without the approval or participation of Dr. Vahora. SAC ¶¶ 143-145. Clearly, there is no allegation of an actual sale transaction. Of course, the sale process, liquidation process or other corporate act of VDL which affected or could affect the conversion of Dr. Vahora's interests was undertaken by VDL itself - albeit at the direction of Naeem. Therefore, the obvious and lawful

defendant in a conversion claim under these circumstances is VDL itself. Therefore, Count IV of the Second Amended Complaint is properly brought against VDL, and the Motion to dismiss VDL as a defendant must fail.

### D. The Second Amended Complaint Comports with the Requirements of Fed. R. Civ. P. 8(a)

"Under Rule 8(a), to withstand a motion to dismiss, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rule 8(a) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

The "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)(citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-169, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993)). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." *Swierkiewicz*, 534 U.S. at 513 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1202 (2d ed. 1990)). The Supreme Court has specifically counselled against dismissal under Rule 8(a):

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.

*Swierkiewicz v. Sorema N.A.*, 534 U.S. at 513. Under the applicable Rule 8(a) standard,

Plaintiff's Second Amended Complaint passes muster and, accordingly, Defendants' Motion must fail.

Repeating word-for-word their unsuccessful arguments raised in their previous motion to dismiss under Rule 12(b)(6), Defendants again contend that the Second Amended Complaint violates Fed. R. Civ. P. 8(a) because the "background allegations are confusing and confused and range from evidentiary statements to vague allegations. Plaintiff's causes of actions [sic] themselves include legal propositions about, *inter alia*, consideration and offer and acceptance and evidentiary claims." Mot. at 10:26-11:2. Defendants ask for the radical relief of dismissal because "[p]utting defendant to the task of weeding through plaintiff's 206 paragraphs and 40 exhibits defeats the central concept of federal pleading . . ." *Id.* at 11:26-27.

Plaintiff's Second Amended Complaint easily satisfies the requirements of Rule 8(a) because it gives Defendants fair notice of the basis for Plaintiff's three breach of contract claims and sole conversion claim. In particular, the Second Amended Complaint alleges with specificity that Plaintiff and Naeem formed a partnership for the ownership and management of VDL, that Plaintiff agreed to make a personal loan to Naeem which Naeem promised to repay, that Plaintiff agreed to advance funds to VDL which Naeem promised to repay, and that Plaintiff's partnership interest in VDL has been wrongfully converted. The Second Amended Complaint details the events leading to the formation of the partnership between Plaintiff and Naeem, as well as the events that took place during the partnership which gave rise to the loans from Plaintiff to Naeem and VDL and the facts giving rise to his conversion claim. The Second Amended Complaint also provides the dates of relevant events and correspondence, and appends that correspondence where possible. These allegations give Defendants fair notice of Plaintiff's claims and the grounds upon which they rest, satisfying the Federal Rules' liberal pleading requirements. *See Conley*, 355 U.S. at 47.

These allegations also state valid claims upon which relief could be granted. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (2008) (citing *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th

Cir. 1990)). The FAC is premised on the legal theories of breach of contract and conversion, each of which is plainly and clearly stated therein. Dismissal under Rule 12(b)(6) therefore is not appropriate.

Defendants' grievances about reading and responding to the Second Amended Complaint are similarly baseless. As this Court wrote in its July 25, 2017 Order permitting the filing of the Second Amended Complaint, litigation involves unavoidable time and money costs which do not amount to prejudice against the Defendants. The Defendants' petulant displeasure at the prospect of engaging in an answer and discovery in this case is not, by itself, cause for dismissal under Rule 8(a).

As was the case with their previous motion to dismiss, Defendants' invocation in the instant Motion of *King v. County of Los Angeles*, 2016 U.S. Dist. LEXIS 29605 (C.D. Cal. Mar. 8, 2016), is misplaced. Although both King and the instant case involve motions under Rule 12(b)(6) which allege Rule 8(a) pleading deficiencies, the similarities end there. *King* involved a § 1983 lawsuit filed by a *pro se* plaintiff alleging acts committed against him by eight defendants during his pretrial detention over seven months in 2014. King later amended his complaint to include twenty additional defendants and allegations involving "an encounter with correctional officers while in a Los Angeles County jail," "alleged improprieties in the procedure of a criminal case in state court," and "the County's alleged failure to update plaintiff's probation database file after plaintiff's probation ended, which allegedly led to plaintiff being subjected to warrantless searches and seizures by the Los Angeles Police Department." 2016 U.S. Dist. LEXIS 29605, at *5. The *King* court notes that "[t]he purpose of Rule 8(a) is to ensure that a complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." 2016 U.S. Dist. LEXIS 29605, at *6 (citing and quoting *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)). It dismissed King's amended complaint for failing to "clearly allege a factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." 2016 U.S. Dist. LEXIS 29605, at *8.

In this case, by contrast, the Second Amended Complaint sets forth chronological facts

relevant to the partnership formed by Naeem and Dr. Vahora to purchase and operate VDL, and lays out a cogent legal theory which could be the basis for relief. No more is required under Rule 8(a). Although Defendants may not enjoy parsing the Second Amended Complaint and may not appreciate the wealth of documentary evidence with which Plaintiff has provided them as set forth in this Second Amended Complaint, there is no doubt that the Second Amended Complaint more than satisfies the liberal pleading requirements of Rule 8(a). Taken as true, the Second Amended Complaint sets forth sufficient facts and allegations to establish Plaintiff's right to relief in each of the its four counts. Therefore, the instant Motion must be denied.

## V.

## CONCLUSION

For the reasons set forth above, Plaintiff Gulamnabi Vahora respectfully requests that this Honorable Court deny Defendants' Motion in its entirety.

Dated: September 15, 2017

HOPKINS & CARLEY
A Law Corporation

By: /s/ *Maria S. Bellafronto*
Maria S. Bellafronto, Esq.
Monique D. Jewett-Brewster, Esq.
Attorneys for Plaintiff
Gulamnabi Vahora, M.D., Ph.D.