# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULAMNABI VAHORA,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY DIAGNOSTIC LABORATORY, INC. AND NAEEM MUJTABA QARNI<br><br>Defendants. | Case No. 1:16-cv-01624-SKO<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT<br><br>(Docs. 44 & 46) |

Before the Court is Defendants' Motion to Dismiss the Second and Third Causes of Action of the Second Amended Complaint and to Dismiss the Complaint Pursuant to FRCP Section 8(a) and Dismissal of the Complaint as to Valley Diagnostics Laboratory, Inc. Pursuant to Federal Rules of Civil Procedure, Rule 12(B)(6) (the "Motion"). (Doc. 44 & 46.)[1] After reviewing the parties' papers, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court vacated the hearing set for October 4, 2017. (Doc. 49.)

For the reasons set forth below, Defendants' Motion is DENIED IN PART and GRANTED IN PART.[2]

---

[1] Defendants first filed the Motion on August 8, 2017 with the incorrect case number, (Doc. 44), and subsequently filed an Amended notice of Motion on August 14, 2017 with the correct case number, (Doc. 46.)
[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Docs. 10, 27.)

1

## I. FACTUAL BACKGROUND[3]

Defendant Naeem Qarni ("Defendant Qarni") resided in Pakistan in March 2012 and wanted to immigrate to the United States under the E-2 Investor visa program. (Doc. 43 at ¶ 20.) The Investor visa program required Defendant Qarni "to invest a substantial amount of capital in the purchase and ownership of a United States business." *Id*. at ¶ 21. Plaintiff Gulamnabi Vahora ("Plaintiff") agreed to purchase a business, Valley Diagnostics Laboratory, Inc. ("VDL" or "Defendant VDL") with Defendant Qarni to facilitate Defendant Qarni's visa. *Id*. at ¶ 46. The terms of the agreement were that (1) Plaintiff and Defendant Qarni would purchase VDL for $200,000; (2) each would contribute $100,000 to the purchase of VDL; (3) both would be equal partners; (4) Defendant Qarni would apply for legal immigrant status; (5) Plaintiff would teach Defendant Qarni how to operate and manage VDL; and (6) Defendant Qarni would run the day-to-day operations of VDL. *Id*. at ¶ 40. Prior to the purchase of VDL, Defendant Qarni reduced his contribution for the purchase price to $80,000, and Plaintiff increased his investment to $120,000. *Id*. at ¶¶ 50-51. The parties purchased VDL in July 2012. *Id*. at ¶ 47.

In October 2012, Plaintiff began teaching Defendant Qarni how to run VDL. *Id*. at ¶63. From the beginning, VDL could not pay its own expenses and Defendant Qarni "represented to [Plaintiff] that he was without sufficient assets to contribute to VDL's operating and overhead expenses." *Id*. at ¶¶ 64, 66. Plaintiff provided supplies to VDL and loaned Defendant Qarni and VDL money to operate and pay expenses. *Id*. at ¶ 64. In an April 17, 2012, email, Defendant Qarni wrote that Plaintiff would take care of the initial expenses for VDL and would be paid "off over a period of time" by Defendant Qarni. *Id*. at ¶ 67. An October 2012 email stated that Plaintiff's

---

[3] Plaintiff's allegations are drawn from the Second Amended Complaint and are not factual findings made by the Court. Only those allegations relevant to the instant Motion are included in this factual summary. The Court gave an exhaustive factual summary in its Order on Defendants' first motion to dismiss. (*See* Doc. 24.)

2

personal loan to Defendant Qarni would be "paid off through [Defendant Qarni's] profit income over a period of time." *Id*. at ¶ 72.

Defendant Qarni was unable to manage the business himself and depended on Plaintiff's help. *Id*. at ¶ 76. In December 2012, Plaintiff took a "more proactive managerial role in an effort to make VDL profitable" and Defendant Qarni's role was limited to maintaining "VDL's finances and to execut[ing] [Plaintiff's] instructions." *Id*. at ¶ 79. Plaintiff continued to pay VDL's rent and operating expenses and over a period of time from 2012 to 2013 loaned VDL over $380,000. *Id*. at ¶¶ 83, 85.

On July 3, 2013, Defendant Qarni incorrectly informed a terminated employee that Plaintiff was no longer involved with VDL. *Id*. at ¶ 116. At the same time, Defendant Qarni informed Plaintiff that he no longer wanted to partner with Plaintiff in the ownership and management of VDL, but did not propose a way to terminate the partnership. *Id*. at ¶¶ 117-118. Plaintiff tried to speak with Defendant Qarni about VDL through numerous emails, but Defendant Qarni ignored his emails. *Id*. at ¶¶ 119-123. Eventually Defendant Qarni agreed to submit a written proposal to Plaintiff to liquidate VDL, but never did so. *Id*. at ¶ 124. Plaintiff gave Defendant Qarni two options for dissolving the partnership, but Defendant Qarni refused both options. *Id*. at ¶¶ 130-131.

From July 2013 to October 2016, Plaintiff sporadically communicated with Defendant Qarni and maintained a less involved management role in VDL. *Id*. at ¶ 139. Plaintiff brought the current lawsuit after he was informed that Defendant Qarni was marketing VDL for sale in the summer of 2016. *Id*. at ¶¶ 143.

## II. PROCEDURAL BACKGROUND

This action arises out of a business dispute between Plaintiff and Defendants Qarni and VDL (together, "Defendants"). Plaintiff filed his initial complaint on October 26, 2016 alleging the following causes of action: (1) breach of oral contract; (2) breach of the implied covenant of good

3

faith and fair dealing; (3) unjust enrichment; (4) promissory estoppel; (5) violation of California's Unfair Competition Law; (6) civil conspiracy to commit fraudulent deceit; (7) intentional misrepresentation; and (8) conversion. (Doc. 1.) Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 9, 2017. (Doc. 8.) The Court entered an order on April 3, 2017 granting in part and denying in part Defendants' motion to dismiss. (Doc. 24.) Plaintiff filed his First Amended Complaint on April 24, 2017, (Doc. 25), after which, Defendants filed their second motion to dismiss pursuant to Rule 12(b)(6). (Doc. 26.) On June 14, 2017, the Court denied Defendants' second motion to dismiss without prejudice and gave leave for Plaintiff to file a motion to amend the amended complaint. (Doc. 34.)

The Court granted Plaintiff's motion to amend, (Doc. 41), and Plaintiff filed a Second Amended Complaint on July 26, 2017, (Doc. 43.) In his Second Amended Complaint, Plaintiff brings four claims for relief: (1) breach of contract against Defendant Qarni; (2) breach of contract against both Defendants; (3) breach of contract against Defendant Qarni; and (4) conversion against Defendant VDL. (Doc. 43 at 22-27.)

Defendants filed the current Motion in response to the Second Amended Complaint on August 14, 2017. (Doc. 44.) Plaintiff timely filed his opposition to the Motion on September 15, 2017, (Doc. 47), and Defendants filed their reply in support of the Motion on September 27, 2017, (Doc. 48.)

**III.    LEGAL STANDARD**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*,

629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and "'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim,'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Further,

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." . . . Rule 8(a) "*does not impose a probability requirement at the pleading stage*; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the allegations.

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (internal citations omitted) (emphases in original).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*,

550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**IV.     DISCUSSION**

Defendants contend that the second and third causes of action for breach of contract are barred by the relevant statute of limitations. (Doc. 44 at 4.) Defendants also maintain that Defendant VDL should be dismissed because the claims against it are barred by the statute of limitations and the Second Amended Complaint fails to state a claim against it. *Id*. Finally, Defendants argue that the complaint should be dismissed in its entirety for failing to comply with Rule 8(a) and because filing an answer to the Second Amended Complaint would be "unduly and unreasonabl[y] burdensome." *Id*. Plaintiff counters that the claims in the Second Amended Complaint are timely and meet the requirements of Rule 8(a). (Doc. 47 at 7-16.)

**A. Breach of Contract Claims are Based on an Oral Contract**

Plaintiff's second and third causes of action are for breach of contract, count two against both Defendants and count three against Defendant Qarni. (Doc. 43 at 25-27.) Plaintiff maintains that Plaintiff lent money to Defendants, both personally to Defendant Qarni and to the business, and Defendants failed to repay him. *Id*. Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations because the parties entered into an oral contract. (Doc. 44 at 7-8.) Plaintiff counters that the claims are timely, because the loans at issue in counts two and three were "reduced to writing." (Doc. 46 at 7-8.) The applicable statute of limitations depends on whether the loans were based on an oral or written contract.

California Code of Civil Procedure § 339(1) provides a two year limitations period for an oral contract, while § 337(1) provides for a four year limitation period for an "action upon any contract, obligation or liability founded upon an instrument in writing." Plaintiff contends there

was a written contract based on an email Defendant Qarni sent to Plaintiff on October 20, 2012. The email states that Defendant Qarni is "writing this email with reference to our telephonic conversation. The following points were discussed on which we have agreed upon." (Doc. 43-1, Ex. 9 at 48.) The email specifically contains the note that the working capital loan would "be paid off through [Defendant Qarni's] profit income over a period of time. The initial amount will be divided into the 1. proposition percentage[;] 2. the working capital[; and] 3. my October salary." *Id*. Plaintiff argues that the email establishes the written terms of the contract for the loan Plaintiff extended to Defendants.

Plaintiff's argument is unpersuasive. The email from October 20, 2012, is a recitation of the terms the parties agreed to for the oral contract. The California Court of Appeal has stated:

> [i]t is not sufficient that the cause of action is in some way remotely or indirectly connected with an instrument in writing or that the instrument is a link in the chain establishing the cause of action. The instrument itself must contain the contract to do the thing for the nonperformance of which the action is brought.

*Citizens Cas. Co. v. Otis Clark & Co.*, 96 Cal Rptr. 838, 841 (Ct. App. 1971) (citing *Benard v. Walkup*, 77 Cal Rptr. 544, 548 (Ct. App. 1969)). Here, the parties orally agreed that Plaintiff would loan Defendants a sum of money.

Plaintiff's causes of action two and three are based on a breach of this oral contract. "Before a duty may be implied from a writing, the writing should be one which created the duty." *Id*. (internal citations omitted). The email did not itself establish the terms of an agreement; instead the email "reminded the receiver of the oral agreement" to which the email was referring. *Id*. The email is evidence of the agreement, rather than the agreement itself.

Accordingly, the parties entered into an oral contract for the loan and the two year statute of limitations applies in this case. Because Plaintiff filed his complaint on October 26, 2016, any breach of the contract must have accrued on or after October 26, 2014.

7

**B. Defendants Fail to Show that the Statute of Limitations Began to Accrue Prior to October 26, 2014**

Defendants argue that the loans were due (1) on demand and Plaintiff made a demand for repayment in July 2013, and (2) when Defendant VDL was profitable, which Plaintiff claimed occurred in July 2013. (Doc. 44 at 8-9.) Because both these conditions occurred more than two years before Plaintiff filed the complaint, Defendants contend that counts two and three are untimely.

The California Commercial Code defines a promise as "'payable on demand' if it (1) states that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder, or (2) does not state any time of payment." CAL. COM. CODE § 3108(a)(1). Both parties agree that the loan was to be repaid when Defendant VDL became profitable; therefore, the loan was not payable on demand. (*See* Doc. 44 at 8; Doc. 47 at 10.) Instead, the loan was "payable at a definite time" because it was payable "at a time . . . readily ascertainable at the time the promise" was issued. CAL. COM. CODE § 3108(a)(2) (*See, e.g.*, *Woo v. Lien*, No. A094960, 2002WL 31194374, at *8 (Cal. Ct. App. Oct. 2, 2002) ("Notes may also be made payable upon the happening of a particular even.") (internal citations omitted)).

The parties disagree as to whether VDL ever became profitable. Relying on an email from Plaintiff to Defendant Qarni, Defendants argue that VDL became profitable in July 2013. (Doc. 44 at 8.) In the July 27, 2013 email, Plaintiff stated, "I had [ ] confidence that, I will make this lab profitable. With [the] help of [another employee] we did it in a year." (Doc. 43-2 at 72.) Plaintiff characterizes the tone of the email as "exasperated" and asserts that he pled in the Second Amended Complaint that he had no knowledge of Defendant VDL's profitability in July 2013. (Doc. 47 at 10.) Based on the parties' two different statements, it is not clear from the facts in Second Amended Complaint when Defendant VDL became profitable. Consequently, the Court cannot

8

determine the date on which Defendants were required to pay back the loan to Plaintiff, specifically the date on which Defendant VDL was profitable.

It is the duty of the "defendant raising the statute of limitations as an affirmative defense" to prove "the action is time barred." *Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995) (citing *Permanente Med. Grp./Kaiser Found. Hosp. v. Workers' Comp. Appeals Bd.*, 217 Cal. Rptr. 873, 876 (Ct. App. 1985)). Defendants have failed to show that the statute of limitations began to accrue prior to October 26, 2014; therefore, they have failed to meet their burden to prove that Plaintiff's claim is time barred. For these reasons, Defendants' motion to dismiss as to claims two and three based on the statute of limitations is denied.

**C. Defendant VDL as a Proper Party**

Defendants claim that Plaintiff's second and fourth causes of action are not properly maintained against Defendant VDL. The Court will discuss each cause of action in turn.

**1. Defendant VDL is a Proper Party to the Second Cause of Action**

Defendants argue that the second cause of action against Defendant VDL for breach of contract lacks facial plausibility, because Plaintiff does not allege a contract between Plaintiff and Defendant VDL, or that Defendant VDL breached any agreement. (Doc. 44 at 9.)

"[T]he elements for a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Oasis W. Realty, LLC. V. Goldman*, 250 P.3d 1115, 1121 (Ca. 2011) (citing *Reichert v. General Ins. Co.*, 442 P.2d 377, 381 (Cal. 1968)).

Here, the Second Amended Complaint alleges

> [i]n connection with the business agreement between [Defendant Qarni] and [Plaintiff], [Plaintiff] agreed to lend VDL funds on an advance basis to meet VDL's unfunded operating expenses while [Defendant Qarni] learned the laboratory business. [Defendant Qarni] promised to repay these funds to [Plaintiff] over time."

9

(Doc. 43 at ¶ 176.) Plaintiff contends that Defendant Qarni agreed to be "personally responsible for repaying the loan," and Defendant VDL was a "beneficiary under the loan agreement, and not a debtor or guarantor." *Id*. at ¶¶ 179-180. However, Plaintiff states that Defendant VDL is "secondarily liable to [Plaintiff] under the agreement insofar as the loan was extended for the purpose of achieving the operational profitability of VDL." *Id*. at ¶ 180. Plaintiff argues that Defendant VDL breached the agreement by failing to repay Plaintiff. *Id*. at ¶ 183.

"A payment or advance made by a partner that gives rise to a partnership obligation . . . constitutes a loan to the partnership that accrues interest from the date of the payment or advance." CAL. CORP. CODE § 16401(e). The partnership is responsible for repayment of any loan made to the partnership. *Id*. § 16401(c) ("A partnership shall reimburse a partner for an advance to the partnership beyond the amount of capital the partner agreed to contribute."). Here, Plaintiff alleges he and Plaintiff Qarni agreed that Plaintiff would loan money for operational costs to VDL. Consequently, Plaintiff made a loan to the partnership and the partnership is responsible for repaying the loan.[4] Plaintiff has stated a claim for breach of contract against Defendant VDL, in that Plaintiff claims he made an agreement to loan Defendant VDL money for operating costs, loaned Defendant VDL the money, Defendant VDL failed to repay the money, and Plaintiff sustained damages. Accordingly, Defendants' motion to dismiss Plaintiff's claim for breach of contract against Defendant VDL is denied.

### 2. Defendant VDL is not a Proper Party to the Fourth Cause of Action

Defendant states that Defendant VDL is not a proper party to the fourth cause of action for conversion, because the Second Amended Complaint does not contain allegations that Defendant VDL itself exercised control over Plaintiff's rights in the company.

---

[4] The Court notes that Plaintiff's legal conclusion that Defendant VDL was a beneficiary under the loan is incorrect; however, though "they may provide the framework of a complaint, legal conclusions are not accepted as true" for a motion to dismiss. *Young v. City of Visalia*, 687 F. Supp. 2d 1155, 1160 (E.D. Cal 2010) (citing *Ashcroft*, 556 U.S. at 677). Despite the incorrect legal conclusion, Plaintiff has alleged sufficient facts to state a plausible claim for relief.

In the first complaint, Plaintiff brought a cause of action for conversion against Defendant Qarni. (Doc. 1 at 37-38.) The Court held in the first motion to dismiss that Plaintiff could bring an action for conversion with respect to Plaintiff's partnership interest against Defendant Qarni. (Doc. 24 at 34-35.) However, the Court determined that neither the funds Plaintiff loaned to Defendant VDL nor operational control of Defendant VDL were appropriate property for Plaintiff's claim of conversion. *Id*. at 35.

Plaintiff made two changes to the conversion claim in the Second Amended Complaint. First, Plaintiff removed the claim for conversion of operational control. Second, Plaintiff asserted a conversion claim against Defendant VDL, instead of Defendant Qarni. (Doc. 43 at 27-28.) In his response to the Motion, Plaintiff states that he changed the Defendant from Defendant Qarni to Defendant VDL because

> the sale process, liquidation process or other corporate act of VDL which affected or could affect the conversion of [Plaintiff's] interest was undertaken by VDL itself – albeit at the direction of [Defendant Qarni]. Therefore, the obvious and lawful defendant in a conversion claim under these circumstances is VDL itself.

(Doc. 47 at 12-13.) Despite changing the Defendant, Plaintiff did not change any of the allegations in the Second Amended Complaint.

As the Court previously stated, under California law, "[c]onversion is the wrongful exercise of dominion over the property of another." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (quoting *Oakdale Vill. Grp. V. Fong*, 43 Cal. App. 4th 539, 543 (1996)). The elements of conversion include: (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of the property rights; and (3) damages." *Id*.

Although Plaintiff now alleges that Defendant VDL committed conversion, the allegations in the Second Amended Complaint only refer to Defendant Qarni's actions. The Second Amended Complaint states that Defendant Qarni, not Defendant VDL, unlawfully excluded Plaintiff from

VDL and Defendant Qarni refused to compensate Plaintiff for his partnership interest. (Doc. 43 at ¶¶ 195-204.) In his response, Plaintiff admits that Defendant Qarni directed the actions of Defendant VDL. "It is well-settled that an agent of a corporation who directs the corporation to commit a tort is personally liable for the tort." *Stan Lee Trading, Inc. v. Holtz*, 649 F. Supp. 577, 581 (C.D. Cal. 1986) (internal citations omitted). As the Court found in its previous Order, Defendant Qarni was the appropriate party against whom to bring this claim. Unlike the claims Plaintiff articulated against Defendant Qarni, Plaintiff does not make any claims or provide any facts alleging wrongful acts by Defendant VDL. Because Plaintiff has not stated a claim against Defendant VDL, the Court will grant Defendants' motion to dismiss the fourth cause of action.

### D. The Second Amended Complaint Meets the Requirements of Rule 8(a)

Finally, Defendant contends that the Second Amended Complaint should be dismissed under Rule 8(a). Specifically Defendant Qarni states that requiring him "to answer the 206 paragraphs of confused and irrelevant statements of fact, evidence and law is a burden that the Rules of Civil Procedure did not intend." (Doc. 44 at 11.)

Rule 8(a) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Given the Federal Rules' simplified standard for pleading, 'a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swierkiewicz v. Sorema N.A.*, 543 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Defendant cites *King v. Cty. of Los Angeles*, in which a *pro se* plaintiff in a 1983 action submitted a complaint that included "346 paragraphs of factual allegations, some containing many sub-paragraphs, that often alternate between naming parties, making factual allegations, detailing damages, and requesting relief" and was over three hundred pages long. 2016 U.S. Dist. LEXIS

29605, *8. The Complaint failed to "clearly and concisely [ ] provide defendants with sufficient notice of what plaintiff's specific claims are, against whom they are being asserted, and what legal theories plaintiff relies upon." *Id*. Further, the plaintiff added twenty new defendants and at least seven additional complaints to his amended complaint, which exceeded the scope of a court order allowing plaintiff to amend his complaint. *Id*. at *10. Defendants contend that Petitioner's Second Amended Complaint should be dismissed for the same reasons as the complaint in *King*, because it is neither brief, nor concise, and does not give a clear statement of Plaintiff's basis for relief. (Doc. 44 at 11.)

Defendants' citation to *King* is unpersuasive. A complaint must set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Applying this standard, Plaintiff's Second Amended Complaint satisfies the requirements of Rule 8(a). Plaintiff alleges that Defendants breached a partnership agreement and loan contracts in violation of California contract law. The Second Amended Complaint details the events leading to the partnership agreement and the events giving rise to the loans. Defendants are given fair notice of the bases for Plaintiff' claims and the grounds upon which they rest. Further, the Second Amended Complaint states claims upon which relief could be granted under California contract law. Thus, the Court will deny Defendants' Motion to Dismiss as to the argument that Plaintiff's Second Amended Complaint does not comply with Rule 8(a).

The Court also notes that Defendants made the same argument regarding the burden of answering the Second Amended Complaint in Defendants' Opposition to Motion for Leave to File First Amended Complaint. In granting Plaintiff's Motion to File an Amended Complaint, the Court noted that litigation involves costs, but where parties have not engaged in discovery, costs are insufficient to demonstrate prejudice. (Doc. 41 at 3-4.)

**V. CONCLUSION**

For the foregoing reasons, the Court DENIES IN PART and GRANTS IN PART Defendants' Motion. (Docs. 44 & 46.) The Court:

1. DENIES the motion to dismiss the second cause of action against Defendants Qarni and VDL;
2. DENIES the motion to dismiss the third cause of action against Defendant Qarni;
3. GRANTS the motion to dismiss Plaintiff's fourth cause of action against Defendant VDL; and
4. DENIES the motion to dismiss the Second Amended Complaint for noncompliance with Rule 8(a).

IT IS SO ORDERED.

Dated: **October 23, 2017** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE