Peter Sean Bradley, Esq., #109258
Law Office of Peter Sean Bradley
7045 North Fruit Avenue
Fresno, California 93711
Telephone: (559) 431-3142
Facsimile:  (559) 436-1135

Attorney for Defendants Valley Diagnostics Laboratory, Inc.,
Naeem Mujtaba Qarni (a/k/a Qarni Naeem Ul Mujtaba),
Najam Ul Mujtaba Qarni and Sheikh M. Masood, M.D.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| GULAMNABI VAHORA | CASE NO   1:16-cv-01624-SKO |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | (Doc. 54) |
| VALLEY DIAGNOSTICS LABORATORY, INC., NAEEM MUJTABA QARNI (a/k/a QARNI NAEEM UL MUJTABA), NAJAM UL MUJTABA QARNI and SHEIKH M. MASOOD, M.D., | |
| Defendants. | |

WHEREAS, the parties in this case are engaging in discovery and have or will be exchanging sensitive personal or business information and/or information otherwise inappropriate for disclosure, including financial information, and confidential business information;

WHEREAS, the parties do not wish their sensitive documents described above to be disseminated beyond this litigation;

1  WHEREAS, plaintiff Gulamnabi Vahora ("Plaintiff") reserves the right to argue that he is entitled to receive the confidential business information of defendant Valley Diagnostics Laboratory, Inc. ("VDL," together with defendant Naeem Mutjaba Qarni, "Defendants") notwithstanding any privacy objection and/or the entry of any protective order because Plaintiff is a shareholder of VDL;

  WHEREAS, in order to expedite discovery in this action, while protecting the above-referenced documents and information from unrestricted disclosure to or discovery by third parties, the parties have agreed to production of the aforementioned documents and information upon the terms and conditions specified herein; and

  WHEREAS, Defendants have agreed to allow Plaintiff's counsel to inspect otherwise "Confidential and Privileged" tax returns to facilitate settlement discussions.

  NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the parties hereto and through their respective counsel of record, as follows:

  1.  In order to facilitate discovery and avoid delay in marking documents as "Confidential", the Parties hereby agree that all documents produced in discovery in this matter are subject to this protective order and shall not be disseminated in any way, shape, or form other than in this litigation. At the conclusion of this litigation, any and all documents that have been received by one Party from the other Party will either be returned or destroyed.  However, the documents will be maintained by the Parties or their attorneys during the pendency of this litigation and not provided to others except as specified in this Stipulation and Protective Order.

  2.  In addition, any party to this Stipulation producing confidential information in this action may mark sensitive, confidential, or proprietary documents as "Confidential."  The designation of information as Confidential shall be limited to information which the disclosing Party in good faith believes contains or reveals commercially sensitive, competitive, proprietary or other confidential information, which is not publicly available, including, without limitation, non-public financial information or any other business information of a confidential or proprietary nature, the disclosure of which would be harmful to a Party's proprietary, competitive and/or business interests, confidential or private information about current or former customers

or employees of the Parties, or other information required by law or agreement to be kept confidential. Any summary, compilation or copy of any Confidential Material shall also be deemed Confidential.

3. Any discovery materials designated Confidential may be designated by a Party as such by marking every such page Confidential, as appropriate, or, if such marking is not possible, for example, in the case of electronically stored information, by informing the other Parties, in writing, that such material is Confidential. Confidential markings should not obliterate or obscure the content of the material that is produced. The Party producing discovery materials that it has designated Confidential must make the designation at the time of production or within a reasonable time thereafter if such designations are inadvertently omitted.

4. Any party eliciting or present when testimony is elicited concerning sensitive or proprietary subjects may request that the portion of the transcript in which said information is contained also be marked as "Confidential".

5. Any document, response, testimony or information which has been marked as "Confidential" shall be used solely for the purpose of and in connection with and to prepare for the above-entitled action. Neither the original nor any copy of any document, response, testimony or information which has been marked as "Confidential" nor any excerpt, quotation, paraphrase or other description thereof which conveys the confidential contents thereof (hereinafter all collectively referred to as "Confidential Material") shall be disclosed to any person who is not an attorney, employee of an attorney's firm, party, retained expert or consultant in this action or used for any purpose or in any media report or other litigation, except in accordance with the terms of this Stipulation and Order. Confidential Material shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 6, unless and until the restrictions herein are removed either by written agreement of counsel of the Parties, or by the Order of the Court.

6. Access to and disclosure of Confidential Material shall be limited, except as otherwise provided herein, or agreed by the parties to this Stipulation, or as otherwise ordered by the Court, to:

    a. The Court and the Court's staff;

    b. The parties to this action and those employees, officers and directors of the parties who reasonably need access to the Confidential Material in connection with the prosecution or defense of this action, the attorneys of record for said parties, and their associates and stenographic, clerical and paralegal employees;

    c. Any person whose deposition is taken in this action, such persons being prohibited from the use or disclosure of Confidential Material by paragraph 7 below, and the Court reporter at any such deposition;

    d. Any insurance carrier who insures a party to this action;

    e. Court reporters, stenographers, or videographers who record depositions or other testimony;

    f. Any mediator or arbitrator (and their assistants or staff) assisting in any dispute resolution proceeding among or between the parties;

    g. Outside experts and consultants for any party, including their stenographic and clerical personnel, whose advice or consultation is being or will be used by such party in connection with this action, provided that disclosure to such outside expert or consultant shall be made only upon the following conditions: Counsel desiring to disclose Confidential Material to an outside expert or consultant shall first obtain a signed Confidentiality Agreement to be bound by this Stipulation and Order, in the form of Exhibit "A" hereto, from each expert or consultant, and counsel shall retain in counsel's files such signed document; and

    h. Any other person or entity upon order of the Court or upon stipulation by the producing Party;

7. The attorneys for a party may disclose Confidential Material to any person in the course of a deposition taken in this action. Any deponent who is not a party or any employee, officer or director of a party shall not retain the original or any copy of any such Confidential

- 4 -

Material. Deponents shall make no disclosure or use of such Confidential Material, or any part thereof, except to respond to deposition questions during the course of a deposition taken in this action or otherwise in accordance with this Stipulation and Order. Any deponent who is not a party or an employee, officer or director of a party who is shown any Confidential Material shall first be provided a copy of this Confidentiality Stipulation, shall be informed, as a part of the transcribed or reported deposition, that disclosure or other use of Confidential Material, or any part thereof, is controlled by this Confidentiality Stipulation and must be in accordance with this Stipulation. No copy of any portion of any deposition transcript or deposition exhibit for a deposition in this action which contains Confidential Material shall be furnished by the reporter to any person not identified in paragraph 6 above.

8. If Confidential Material is to be lodged or filed with the Court in connection with any proceeding herein, such material shall be filed pursuant to all applicable rules for filing materials under seal.

9. Nothing in this Stipulation shall require disclosure of any material which a party contends is protected from disclosure by the attorney-client privilege or attorney work product, and shall not waive any confidentiality or privacy rights of any third parties.

10. Upon receipt of any request or subpoena for Confidential Material, the Party receiving the request or subpoena shall immediately notify the producing Party of the request or subpoena in writing, via U.S. Mail and e-mail (if possible), and, unless otherwise required by law, shall not permit the inspection by or production to any third-party until fourteen (14) days after such notice is given, so that the producing Party can take steps to enforce this Order if deemed necessary.

11. Entering into this Confidentiality Stipulation shall not and does not constitute an admission or concession or permit an inference that any document, response, testimony or information designated as "Confidential Material" is, in fact, confidential or contains Confidential Material. Any party, through counsel, may make good faith written objection to the designation of any document, response, testimony or information as "Confidential Material" and may make a motion for an order compelling disclosure of and/or access to such material without

restriction. Applicable California law shall govern the burden and standard of proof on any such motion.

12. This Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

13. This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this matter. Neither the agreement of the Parties, nor the designation of any Material as Confidential, nor the failure to make sure designation, shall constitute evidence with respect to any issue in this matter.

14. After termination of this action, each party shall continue to maintain and limit access and disclosure to Confidential Material in the manner provided in this Stipulation.

15. This Stipulation and any Order thereon may be modified in part or entirely by written agreement of the parties hereto or upon application to and entry of an Order by the Court for good cause shown.

16. By signing this Stipulation, each attorney represents that he or she has explained the terms and effect of this Stipulation to his or her client(s), and provided his or her client(s) with a copy of the same; and further represents that said parties agree to be bound by the terms of this Stipulation.

17. A facsimile or e-mail signature of any counsel on this Stipulation shall be binding as though it were an original; and this Stipulation may be executed in a number of counterparts and each counterpart signature shall, when taken with all other signatures, be treated as if executed upon one original of this Stipulation.

Dated: March 29, 2018      Law Office of Peter Sean Bradley

By /s/ Peter Sean Bradley
Peter Sean Bradley
Attorneys for Defendants

Dated: March 29, 2018      Hopkins & Carley

By /s/ Monique D. Jewett-Brewster
Monique D. Jewett-Brewster
Attorneys for Plaintiff

IT IS SO ORDERED.

Dated: **April 4, 2018**      /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

**ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDERREGARDING CONFIDENTIAL INFORMATIONAND AGREEMENT TO BE BOUND THEREBY**

I hereby acknowledge receipt of and that I have read a copy of the Stipulation for Protective Order and Order (the "Order"), which I understand was made on _____, 2018, in the action entitled *Gulamnabi Vahora v. Valley Diagnostics Laboratory, Inc., et al.* Case No. 1:16-cv-01624-LJO-SKO, United States District Court - Eastern Division of California - Fresno Division.  I agree that I will be bound by the provisions of the Order with respect to any Confidential Information provided to me under the terms thereof.  I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such Confidential Information except as permitted by the Order.  I further understand that if I fail to comply with the terms of the Order, I may be subject to sanctions by the Court, and I hereby consent to personal jurisdiction in the State of California with respect to any matter relating to or arising out of the Order.

Executed this _____day of _____, 20___ at _____, _____.

_____

Name: _____
Affiliation: _____
Address: _____
_____
Telephone Number: _____

# EXHIBIT "A"