# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULAMNABI VAHORA,<br><br>        Plaintiff,<br><br>    v.<br><br>VALLEY DIAGNOSTICS LABORATORY INC. and NAEEM MUJTABA QARNI (a/k/a QARNI NAEEM UL MUJTABA),<br><br>        Defendants.<br>_____/ | Case No. 1:16-cv-01624-SKO<br><br>**ORDER GRANTING MOTIONS TO WITHDRAW AS ATTORNEYS OF RECORD**<br><br>(Docs. 72 and 73) |

On August 28, 2018, Hopkins & Carley, A Law Corporation ("Hopkins & Carley"), and Silverang Donohoe Rosenzweig and Haltzman, LLC ("Silverang Donohoe," together, "Plaintiff's Counsel"), both counsel for Plaintiff Gulamnabi Vahora ("Plaintiff"), filed separate Motions to Withdraw as Attorneys of Record for Plaintiff ("Motions to Withdraw"). (Docs. 72, 73.)

The matter was heard on September 7, 2018, before the Honorable Sheila K. Oberto, United States Magistrate Judge. Plaintiff appeared on his own behalf; Maria Bellafronto, Esq., appeared on behalf of Hopkins & Carley; Philip S. Rosenzweig, Esq., appeared on behalf of Silverang Donohoe; and Peter Sean Bradley, Esq., appeared on behalf of Defendants. All persons appeared telephonically. Plaintiff and Defendants stated on the record at the hearing that they do not oppose the Motions to Withdraw.

Upon consideration of the pleadings and hearing from all parties, the Motions to Withdraw are GRANTED.

## I. BACKGROUND

On October 26, 2016, Plaintiff filed his initial complaint alleging eight causes of action related to a business dispute between the parties. (Doc. 1.) On July 26, 2017, following three motions to dismiss that eliminated several causes of action, Plaintiff filed his operative complaint in this matter seeking compensatory damages and other relief for breach of contract and conversion. (Doc. 43.) The parties engaged in discovery and submitted a timely Joint Pre-Trial Statement on August 8, 2018 in which the parties outlined the issues for trial. (Doc. 65.) The Court conducted a Pretrial Conference on August 15, 2018. Maria Bellafronto, Esq., of Hopkins & Carley, appeared on behalf of Plaintiff and Peter Bradley, Esq., appeared on behalf of Defendants. On August 20, 2018, the Court issued a Pretrial Order setting a pretrial schedule for the case leading up to the jury trial set for October 2, 2018. (Doc. 70.)

The deadline to file motions in limine was August 28, 2018, and the Court received one motion in limine from Plaintiff and five motions in limine from Defendants. (*See* Docs. 71, 77.) On August 28, 2018, after Plaintiff filed his motion in limine, Plaintiff's Counsel filed the Motions to Withdraw. (Docs. 72, 73.) The Motions to Withdraw provide two bases for withdrawal: 1) Plaintiff has breached his fee agreements with Plaintiff's Counsel by failing to pay several invoices, and 2) Plaintiff's Counsel is unable to provide effective counsel in the upcoming trial due to a break down in the relationship between Plaintiff and Plaintiff's Counsel.

## II. DISCUSSION

**A. Legal Standards**

Permissive withdrawal as attorney of record is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and Rule 3-700(C)(1)(d) of the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). Local Rule 182(d) provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without

> leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Rule of Professional Conduct 3-700(C) provides that an attorney may request permission to withdraw if the client "breaches an agreement or obligation as to expenses or fees" or "renders it unreasonably difficult for [counsel] to carry out the employment effectively." Rule 3-700(C)(1)(d), (C)(1)(f).[1] Rule of Professional Conduct 3-700(A)(2) further instructs that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),[2] and complying with applicable laws and rules."

In the Ninth Circuit, the California Rules of Professional Conduct are interpreted according to California state law. *Williams v. Troehler*, No. 1:08–cv–01523–OWW–GSA, 2010 WL 11570438, at \*2 (E.D. Cal. June 23, 2010) (citing *Image Technical Services, Inc. v. Eastman Kodak Co.*, 820 F. Supp. 1212, 1215 (N.D. Cal. 1993)). The decision to grant or deny a motion to withdraw as counsel is committed to the sound discretion of the trial court. *Id.* (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)); *Estate of Falco*, 188 Cal. App. 3d 1004, 1014 (1987) ("[A] trial court should have broad discretion in allowing attorneys to withdraw").

---

[1] The Court notes that while Philip S. Rosenzweig, Esq., with the firm Silverang Donohoe, is not licensed to practice as an attorney in California, he was admitted to practice before this Court pro hac vice (*see* Doc. 17) and thus, his withdrawal is governed by the California Rules of Professional Conduct. *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08–cv–02999–MCE–KJM, 2009 WL 3367489, at \*1 (E.D. Cal. Oct. 14, 2009) ("The local rules additionally advise that an attorney before the Court is 'governed by the Rules of Professional Conduct of the State Bar of California and the attorney shall conform to the requirements of those Rules.' E.D. Cal. R. 83–183(a). **This holds true regardless of whether the attorney is admitted to the California State Bar**." (emphasis added) (granting a motion to withdraw filed by both local counsel and an attorney admitted pro hac vice and applying the California Rules of Professional Conduct)); Local Rule 180(b)(2)(iv) ("If the [pro hac vice] application is granted, the attorney is subject to the jurisdiction of the Court with respect to conduct to the same extent as a member of the Bar of this Court."); *see also e.g.*, *Monclova-Chavez v. McEachern*, No. 1:08–cv–00076–AWI–BAM, 2018 WL 2106481, at \*3 (E.D. Cal. May 7, 2018) (granting a motion to withdraw and applying the California Rules of Professional Conduct to an attorney admitted pro hac vice).

[2] Section 3-700(D) pertains to returning property and funds to clients.

3

"In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Gibson v. Hagerty Ins. Agency*, No. 1:16–cv–00677–BAM, 2018 WL 1382335, at *4 (E.D. Cal. Mar. 19, 2018) (citation omitted). The Court has discretion to deny an attorney's motion to withdraw made on the eve of trial. *See Ramirez v. Sturdevant*, 21 Cal. App. 4th 904, 915 (1994) (noting that it is unethical for an attorney to abandon a client at a "critical point" in the litigation if it would prejudice the client's case); *see also Vachula v. General Elec. Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion").

**B.     Analysis**

Here, Plaintiff's Counsel provide two reasons for seeking withdrawal. First, Plaintiff has failed to pay legal fees to both Hopkins & Carley and Silverang Donohoe. Specifically, Plaintiff has failed to pay Hopkins & Carley's invoices "for an extended period of time" and he has also "failed to articulate whether and to what extent any payment of the overdue balance may be made at any time." (Doc. 72-2, Declaration of Maria S. Bellafronto in Support of Motion to Withdraw as Counsel ("Bellafronto Decl."), ¶ 6.) Plaintiff has also breached his fee agreement with Silverang Donohoe because the fee agreement requires payment to be made within thirty days of receipt of an invoice and Plaintiff has failed to pay multiple invoices. (Doc. 73-2, Declaration of Philip S. Rosenzweig in Support of Motion to Withdraw as Counsel ("Rosenzweig Decl."), ¶¶ 5–6.) Failure to pay legal fees is a proper ground for withdrawing as counsel. *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No. 1:02–cv–06599–OWW–DLB, 2009 WL 89141, *1 (E.D. Cal. 2009) (listing cases finding the failure to pay attorney's fees is grounds for withdrawal).

Second, Plaintiff's Counsel is unable to provide effective assistance because the relationship with Plaintiff has deteriorated. Specifically, Plaintiff "has refused to communicate with counsel, making continued representation of his interests impossible" and "refused to make critical decisions necessary for counsel to prepare for trial[.]" (Doc. 73-2, Rosenzweig Decl., ¶ 8.) Additionally, Hopkins & Carley has "irreconcilable differences and professional considerations

1 with the client that prevent the firm to [sic] continue its representation." (Doc. 72-2, Bellafronto
2 Decl., ¶ 7.) Plaintiff's failure to communicate and the breakdown of the relationship between
3 Plaintiff's Counsel and Plaintiff is a proper ground for withdrawing as counsel. *Williams*, 2010
4 WL 11570438, at *2 ("Some courts have found that a client's inability to get along and cooperate
5 with counsel may justify an attorney's withdrawal." (listing cases finding failure to communicate
6 or cooperate is grounds for withdrawal)).

7 The Court also finds Plaintiff's Counsel have taken reasonable steps to avoid reasonably
8 foreseeable prejudice to Plaintiff's rights in accordance with Rule of Professional Conduct 3-
9 700(A)(2). Specifically, Plaintiff's Counsel worked together to file a motion *in limine* to protect
10 Plaintiff's interests at trial. (Doc. 72-2, Bellafronto Decl., ¶ 8; Doc. 73-2, Rosenzweig Decl., ¶ 9.)
11 Hopkins & Carley also informed Plaintiff of their intent to file a motion to withdraw as counsel,
12 but received no response. (Doc. 72-2, Bellafronto Decl., ¶ 8.)

13 With respect to whether Defendants will be prejudiced by Plaintiff's Counsel's withdrawal,
14 Defendants do not oppose the Motions to Withdraw. Accordingly, the Court finds any prejudice
15 to Defendants is negligible.

16 The other two factors weigh in favor of denying Plaintiff's Counsel's request to withdraw.
17 Specifically, the administration of justice will be harmed because justice will be delayed and a final
18 decision in a case that has been pending for almost two years will be further postponed.
19 Additionally, the withdrawal will delay resolution of the case because trial will need to be continued
20 to give Plaintiff additional time to identify new counsel or prepare to proceed *pro se*.

21 Nonetheless, given Plaintiff's unwillingness to pay Plaintiff's Counsel their fees and
22 Plaintiff's Counsel's inability to effectively communicate or collaborate with Plaintiff, the Court
23 finds Plaintiff's Counsel has shown sufficient good cause to withdraw and that the ends of justice
24 require granting the Motions to Withdraw. In so finding, the Court notes that while courts are
25 cautious to grant withdrawal on the eve of trial, courts have permitted withdrawal in similar
26 circumstances despite the close proximity of trial. *See, e.g.*, *Anhing Corp. v. Thuan Phong Co.
27 Ltd.*, No. CV 13–05167 BRO (MANx), 2014 WL 12591456, at *2 (C.D. Cal. Dec. 2, 2014)
28 (allowing withdrawal two weeks before trial where counsel "demonstrated [an] inability to litigate

5

[the] matter competently due to his client's refusal to cooperate with him"); *Canandaigua Wine Co.*, WL 89141, at *2 (granting motion to withdraw less than one month before trial where defendant's counsel declared "that his client has repeatedly refused to accept his advice as to trial strategy or pay his fees"). The Court also notes that at the hearing on the Motions to Withdraw, Plaintiff consented to Plaintiff's Counsel's withdrawal. *Pehle v. DuFour*, 2:06–cv–01889–MCE–EFB, 2011 WL 283663, at *1 (E.D. Cal. Jan. 26, 2011) (granting motion to withdraw where client consented to withdrawal and client could not pay attorney's fees); *Warkentine v. Soria*, 1:13–cv–1550–MJS, 2014 WL 12773794, at *2) (E.D. Cal. Dec. 19, 2014) (granting withdrawal where client did not oppose motion, filed a consent order granting substitution of attorney, and there was a breakdown of communication).

### III.  CONCLUSION

Accordingly, it IS HEREBY ORDERED that:

1. The Motions to Withdraw as Counsel for Plaintiff (Docs. 72, 73), are GRANTED;
2. The Clerk of the Court is ORDERED to RELIEVE Maria S. Bellafronto, Esq. and Monique Debrikka Jewett-Brewster, Esq., of the firm Hopkins & Carley, A Law Corporation, as well as Philip S. Rosenzweig, of the firm Silverang Donohoe Rosenzweig and Haltzman, LLC, as counsel for Plaintiff;
3. The Clerk of Court SHALL UPDATE THE DOCKET to reflect Plaintiff's *in propia persona* status and Plaintiff's address of 820 Timber Creek Lane Wayne, PA 19087-2177, and SHALL SERVE this order upon Plaintiff at that address.
4. The trial is CONTINUED to January 14, 2019; and
5. The hearing on the motions in limine, currently set for September 11, 2018, is VACATED.

The Court will enter an amended Pretrial Order that sets forth the applicable pretrial deadlines, including the hearing date on the motions in limine.

IT IS SO ORDERED.

Dated: **September 7, 2018**            /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE