# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULAMNABI VAHORA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VALLEY DIAGNOSTICS LABORATORY, INC., et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:16-cv-01624-SKO<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL OR TO AMEND THE JUDGMENT**<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>(Docs. 155, 156) |

## I.   INTRODUCTION

On May 17, 2019, a jury returned a verdict in favor of Plaintiff and judgment was entered on May 21, 2019. (Docs. 152, 153.) On June 4, 2019, Defendants filed post-trial motions for a new trial to amend the judgment, or for relief from the judgment, and for judgment as a matter of law. (Docs. 155, 156.) Plaintiff filed responses in opposition on June 14, 2019. (Docs. 158, 159.)

Defendant Naeem Qarni ("Qarni") filed a notice of bankruptcy filing on June 21, 2019, and the Court vacated the hearing on the post-trial motions and directed the parties to brief the issue of whether the automatic stay under 11 U.S.C. § 362(a) would apply to stay this case. (*See* Docs. 162, 163, 165.) Thereafter, the bankruptcy court granted relief from the automatic stay under 11 U.S.C. § 362(a) to allow any post-trial motions and appeals from the judgment in this case to proceed. (*See* Docs. 174, 176.) Upon review of the motions and supporting documents, the Court deemed the matters suitable for decision without oral argument pursuant to Local Rule 230(g). Accordingly, no hearing was set on the post-trial motions. (*See* Doc. 176 at 2.)

For the reasons that follow, the Court hereby denies the motions.

## II. RELEVANT PROCEDURAL BACKGROUND[1]

This case involves a business dispute between Plaintiff and Defendants VDL and Naeem Qarni. In the operative Second Amended Complaint (SAC), Plaintiff alleged the following causes of action: breach of contract against Qarni as to the partnership agreement; breach of contract against both Defendants; breach of contract against Qarni as to the personal loan agreement; and conversion against VDL.[2] (Doc. 43 at 22–27.)

Trial commenced on May 14, 2019.[3] (Doc. 138.) Plaintiff testified at trial and completed his testimony on the second day of trial; Plaintiff then called Alfonso Flores ("Flores"), a former employee of VDL, as his second witness. (*See* Doc. 140.) Plaintiff rested his case on May 16, 2019. (Doc. 145.)

At the conclusion of Plaintiff's case in chief, Defendants filed a motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure, on which the Court deferred ruling until the close of evidence. (Doc. 139; *see* Doc. 145; Doc. 170 at 266.) In their Rule 50 motion, Defendants requested that the Court enter judgment as a matter of law on Plaintiff's first claim for breach of contract as to the partnership between Plaintiff and Qarni. (Doc. 139 at 1–2.) Defendants contended that because Plaintiff had not pleaded an accounting of the partnership assets, Plaintiff's first claim had not accrued because the partnership had never terminated, and further that a judicial dissolution and accounting is the only permissible action between partners. (*See id.*)

---

[1] The Court previously provided extensive discussions regarding the factual background for this case. (*See, e.g.,* Doc. 24 at 2–8; Doc. 50 at 2–3.) Only the procedural background relevant to the motions before the court is provided here.
[2] On October 24, 2017, the Court dismissed the conversion cause of action in ruling on Defendants' motion to dismiss. (Doc. 50 at 14.)
[3] Prior to trial, the Court denied Defendants' motion in limine requesting that Plaintiff be precluded from presenting evidence of profit or an accounting of VDL. (*See* Doc. 77-3; Doc. 92.)

On May 17, 2019, the Court denied Defendants' Rule 50 motion on the record and outside the presence of the jury. (*See* Doc. 171 at 28.) In relevant part, the Court stated:

> Defendant[s'] motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rule[s] of Civil Procedure on plaintiff's partnership claim is essentially very similar if not essentially the same as defendant[s'] motion in limine number 4 in which defendant[s] contended that an accounting is a condition precedent to [a lawsuit] by one partner against another and that plaintiff has failed to plead a cause of action for an accounting. That motion in limine was denied.
>
> And as in that motion in limine, here defendants contend that since plaintiff has failed to provide an accounting, he's failed to establish an essential element of the claim. There are several exceptions to the historical rule prohibiting one partner from suing another partner without an accounting of the partnership profits. One of these exceptions is a partner suing to enforce his or her rights under the partnership agreement pursuant to California Corporations Code 16405(b), which is the case here, and for the reasons that I just stated, the Rule 50 motion is denied.

(*Id.* at 27–28.)

On May 17, 2019, the jury returned a verdict in favor of Plaintiff on all four claims. (Doc. 152.) On Plaintiff's first claim for relief (breach of the partnership agreement by Qarni), the jury determined that Qarni breached the partnership agreement with Plaintiff, the partnership did not terminate before October 26, 2014, and Qarni's breach of the partnership agreement caused Plaintiff $100,000 in damages. (*Id.* at 2.) On the second claim (breach of the VDL loan agreement by VDL), the jury found that VDL breached its contract with Plaintiff; VDL was not profitable before October 26, 2014; and VDL's breach of the loan agreement caused Plaintiff $158,175 in damages. (*Id.* at 3–4.) On Plaintiff's third claim (breach of the VDL loan agreement by Qarni), the jury found that Qarni breached his contract with Plaintiff, and the breach caused Plaintiff $65,232 in damages. (*Id.* at 4–5.) On the fourth claim for relief[4] (breach of the personal loan agreement by Qarni), the jury determined that Qarni breached his agreement with Plaintiff, and the breach caused Plaintiff $75,000 in damages. (*Id.* at 5–6.) Thus, the monetary judgment

---

[4] Although only three causes of action in the SAC survived Defendants' motion to dismiss, the verdict form divided the three causes of action into four claims as set forth above; thus, the breach of the personal loan agreement by Qarni is referred to as the "fourth claim" throughout this Order. (*See* Docs. 43, 50, 152.)

3

awarded against Qarni totaled $240,232 and the judgment awarded against VDL totaled $158,175. (*See id.*) The Court entered judgment pursuant to the jury's verdict on May 21, 2019. (Doc. 153.)

On June 4, 2019, Defendants filed post-trial motions seeking relief under Rule 59 and Rule 60. (Docs. 155, 156.) Defendants' motions are presently before the Court.

### III. LEGAL STANDARDS

**A.  Rule 59 Motion for New Trial**

Under Rule 59 of the Federal Rules of Civil Procedure, a district court has discretion to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). As "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Grounds recognized as permitting a new trial include (1) a verdict that is contrary to the weight of the evidence, (2) a verdict that is based on false or perjurious evidence, or (3) to prevent a miscarriage of justice. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). The decision whether to grant a motion for a new trial lies within the discretion of the trial judge. *See Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1013 (9th Cir. 2007). The Ninth Circuit has provided the following guidance for ruling on such motions:

> A decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter . . . If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.

*Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371–72 (9th Cir. 1987) (citing C. Wright & A. Miller, Federal Practice & Procedure § 2806 at 48–49 (1973)). "The judge can weigh evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Id.*

4

While the court has discretion to assess the evidence under the three grounds identified in *Molski*, 481 F.3d at 729 (clear weight of the evidence, seriously erroneous result, and miscarriage of justice), the standard for finding insufficient evidence warranting a new trial remains high. *Roy v. Volkswagen of Am.*, 896 F.2d 1174, 1176 (9th Cir. 1990) ("While the trial court may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial 'merely because it might have come to a different result from that reached by the jury.'") (quoting *Wilhelm v. Associated Container Transp. (Australia) Ltd.*, 648 F.2d 1197, 1198 (9th Cir. 1981)).

Under Rule 59, to obtain a new trial based on newly discovered evidence, "the movant must show the evidence '(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)).

**B.  Rule 59 Motion to Amend the Judgment**

Rule 59 also provides that a party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "To succeed" on a Rule 59(e) motion, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

However, "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016). "[I]n certain limited circumstances, a court has discretion to reconsider its prior decisions." *Ameripride Servs., Inc. v. Valley Indus. Servs., Inc.*, No. 2:0-cv-00113-MCE-EFB, 2016 WL 4540557, at *1 (E.D. Cal. Aug. 30, 2016). Specifically, the Ninth Circuit identified the

following "four grounds upon which a Rule 59(e) motion may be granted": (1) "the motion is necessary to correct manifest errors of law or fact upon which the judgment is based"; (2) "the moving party presents newly discovered or previously unavailable evidence"; (3) "the motion is necessary to prevent manifest injustice"; or (4) "there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis omitted) (citation omitted); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." (citation omitted)).

Under Rule 59(e), amendment of the judgment based on newly discovered evidence is allowed where the movant shows that "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992–93 (9th Cir. 2001) (quoting *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000)). The moving party must also show that the evidence existed at the time of trial. *Watts v. Allstate Indem. Co.*, No. CIV. S-08-1877 LKK/GGH, 2012 WL 1108823, at *4 (E.D. Cal. Mar. 30, 2012) ("A party moving under Rule 59(e) or Rule 60(b) on the basis of newly discovered evidence must show that the evidence . . . existed at the time of the trial[.]").

**C.     Rule 60 Motion for Relief from the Judgment**

Rule 60 provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason

6

justifying relief from the operation of the judgment." Motions under Rule 60(b) "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control[.]" *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

As with a Rule 59 motion for a new trial and Rule 59 motion for amendment of the judgment, under Rule 60, relief from judgment based on newly discovered evidence is appropriate only where the movant shows the evidence "(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones*, 921 F.2d at 878 (citation omitted).

**D.    Rule 50 Motion for Judgment as a Matter of Law**

Motions for judgment as a matter of law are governed by Rule 50 of the Federal Rules of Civil Procedure. Rule 50(a) governs pre-verdict motions while Rule 50(b) applies to post-verdict motions. A motion for judgment as a matter of law under Rule 50(b) is not a freestanding motion, but a renewed Rule 50(a) motion. If the trial judge denies or defers ruling on a Rule 50(a) motion during trial, and if the jury then returns a verdict against the moving party, that party may renew its motion under Rule 50(b).

A Rule 50(b) motion is limited to the grounds and arguments asserted in the pre-deliberation Rule 50(a) motion. *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). "Thus, a party cannot properly 'raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion.'" *Id.* (quoting *Freund v. Nycomed Amersham*, 347 F.3d 751, 761 (9th Cir. 2003) (citing Fed. R. Civ. P. 50 advisory committee's notes to the 1991 amendments ("A post trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion."))). Rule 50(b) motions, however, "may be satisfied by an ambiguous or inartfully made motion" under Rule 50(a). *Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir. 1989).

A motion for judgment as a matter of law under Rule 50(b) is appropriate when the evidence permits only one reasonable conclusion, and that conclusion is contrary to that of the jury. *Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009); *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). All evidence must be viewed in the light most favorable to the non-moving party, and the court must draw all reasonable inferences in that party's favor. *Go Daddy Software, Inc.*, 581 F.3d at 961. "[I]n entertaining a motion for judgment as a matter of law, the court . . . may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A jury verdict "must be upheld if it

is supported by substantial evidence . . . even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).

## IV. DISCUSSION

### A. Defendants' Motion for New Trial, to Amend the Judgment, or for Relief from the Judgment Pursuant to Rules 59 and 60, is Denied

Defendants first contend that they are entitled to post-trial relief because of "newly discovered evidence," consisting of a May 21, 2019 email, in which former employee of VDL Flores demands settlement of his claims against Qarni, which Defendants contend shows Flores offered false testimony at trial and demonstrates Flores' bias against Defendants. (Doc. 155-1 at 4–6.) Defendants also contend they are entitled to post-trial relief because the jury's verdict on Plaintiff's fourth claim for relief (breach of the personal loan agreement by Qarni), was against the clear weight of the evidence. (*Id.* at 6.) The Court addresses each argument in turn.

#### 1. Defendants Have Not Met the Requirements for Relief Based on Newly Discovered Evidence Under Rule 59 or Rule 60

The standards for relief under Rule 59 and Rule 60 based on newly discovered evidence are essentially the same. *See Jones*, 921 F.2d at 878; *Far Out*, 247 F.3d at 992–93; *Watts*, 2012 WL 1108823, at *4. The movant must show that the evidence "(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones*, 921 F.2d at 878 (citation omitted). Defendants have not met any of these requirements and are not entitled to a new trial, amendment of the judgment, or relief from the judgment on this basis.

First, Flores' email to Qarni was sent on May 21, 2019, four days after the jury returned its verdict, and thus is not a basis for relief under Rule 59 or Rule 60 because it is not "evidence . . . of facts existing at the time of trial." *See Contempo Metal Furniture Co. of California v. East Texas Motor Freight Lines, Inc.*, 661 F.2d 761, 766 (9th Cir. 1981) ("[T]he newly discovered evidence must be of facts existing at the time of trial."). To the extent Defendants assert the "newly

discovered evidence" consists of Flores' continued belief that Defendants owed him money, Defendants were aware that Flores believed they owed him money at some point, due to Flores' lawsuit filed against Defendants in October 2013, (*see* Doc. 170 at 182), and have failed to show that they could not have "discovered through due diligence," that he still held that belief. *See Jones*, 921 F.2d at 878.

Next, Defendants have not demonstrated that evidence of Flores' bias would have changed the jury's verdict, entitling them to a new trial, amendment of the judgment, or relief from the judgment. *See id.* At trial, the jury was made aware of the possibility that Flores harbored bias against Defendants, including that Qarni fired Flores and that Flores filed a lawsuit against Defendants in October 2013. (*See, e.g.,* Doc. 169 at 54, 238; Doc. 170 at 182.)

Flores testified that Qarni terminated him, he did not receive the compensation he believed he was owed following his termination, and he filed a lawsuit against Qarni. (*See* Doc. 169 at 54, 238–41.) When asked whether there was any aspect of his testimony that "comes from anger or frustration" that Flores was "ultimately terminated by [Qarni] and ultimately never recompensed for [his] termination," Flores responded, "I moved on." (*Id.* at 238–39.) Defendants contend this response was false and that Flores was "harboring a subjected [sic] intent to profit from a finding in favor of [Plaintiff]." (Doc. 155-1 at 5.) Yet, while Flores testified that he "moved on" in October 2013, he also testified he continued to claim repayment, as late as 2015. (Doc. 169 at 240–41.)

Thus, the testimony about whether Flores had "moved on" from any claim he had against Defendants by October 2013 or by the time of trial was ambiguous at best, and Defendants' counsel could have inquired at the time of trial whether Flores still believed Defendants owed him money. They did not. A reasonable interpretation of Flores' testimony is that he had moved on from his lawsuit against Defendants—not necessarily that he no longer believed that Defendants owed him money. Thus, Flores' testimony at trial and his later attempt to collect from Defendants the money he believes he is owed are not necessarily inconsistent, and Defendants have not shown that this

10

evidence is "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *See Jones*, 921 F.2d at 878.

Because the jury had sufficient evidence to weigh Flores' testimony and decide whether Flores was biased against Defendants, *see United States v. Candoli*, 870 F.2d 496, 507 (9th Cir. 1989) (citing *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985)), Defendants are not entitled to post-trial relief on this basis.

### 2. Defendants Are Not Entitled to Relief Under Rule 59 or Rule 60 Based on Their Contentions Related to the Jury Verdict on the Fourth Claim

Defendants are not entitled to a new trial based on their contention that the jury's verdict on the fourth claim was against the clear weight of the evidence. One of the grounds for a new trial is a verdict that is contrary to the "clear weight of the evidence." *Molski*, 481 F.3d at 729. In determining whether a verdict is contrary to the clear weight of the evidence, the district court has "the duty [] to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence…" *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990) (quoting *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957)). Defendants contend that the jury's verdict on the fourth claim was against the clear weight of the evidence, because the evidence in support of the claim was limited to Plaintiff's testimony and lacked supporting documentary evidence, and the evidence to the contrary included Qarni's testimony, documentary evidence showing that Qarni had adequate financial resources to pay for his own personal expenses, and documentary evidence showing Plaintiff paid the full $200,000 purchase price for VDL. (*See* Doc. 158 at 14.)

"When a motion for new trial is based on insufficiency of the evidence, 'a stringent standard applies' and a 'new trial may be granted . . . only if the verdict is against the great weight of the evidence' or 'it is quite clear that the jury has reached a seriously erroneous result.'" *Hardesty v.*

*Sacramento Metropolitan Air Quality Management District*, 307 F. Supp. 3d 1010, 1023 (E.D. Cal. Mar. 31, 2018) (quoting *Digidyne Corp. v. Data Gen. Corp.*, 734 F.2d 1336, 1347 (9th Cir. 1984)). The motion for new trial should be granted only if "having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371–72 (9th Cir. 1987)).

Here, Defendants fail to show that the jury's verdict on the fourth claim was against the clear weight of the evidence. Plaintiff testified that he wire transferred Qarni money and gave him his credit card to use. (Doc. 169 at 102–03, 107–08.) There was direct contradictory testimony on this issue: Plaintiff testified that he made the loans, Qarni testified that Plaintiff did not. (*See* Doc. 169 at 102–03, 107–08; Doc. 170 at 131.) The jury presumably found Plaintiff's testimony more credible, and returned a verdict in favor of Plaintiff on the fourth claim, determining that Plaintiff made personal loans to Qarni, Qarni failed to repay the loans, and Plaintiff incurred $75,000 in damages. (Doc. 152 at 5–6.) The fact that Plaintiff presented only testimonial evidence, and Qarni presented testimonial evidence plus tangentially related documentary evidence that he had significant financial resources at the time of the alleged loans and Plaintiff paid the full purchase price for VDL, does not leave the Court "with the definite and firm conviction that a mistake has been committed." *See Hardesty*, 307 F. Supp. 3d at 1023.

Considering all the evidence at trial, the Court finds that the jury's verdict was not against the clear weight of the evidence and Defendants are not entitled to a new trial on this basis. Thus, the Court will not disturb the jury's finding. *See Roy v. Volkswagen of Am.*, 896 F.2d 1174, 1176 (9th Cir. 1990) ("While the trial court may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial 'merely because it might have come to a different result from that reached by the jury.'") (quoting *Wilhelm v. Associated Container Transp. (Australia) Ltd.*, 648 F.2d 1197, 1198 (9th Cir. 1981)).

The standard under Rule 59(e) for amendment of the judgment based on an allegedly erroneous jury verdict is more stringent: Defendants must show that the jury committed a "manifest error of fact or law . . . that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Lewis v. Davis*, No. 1:03-cv-06775-LJO-SAB, 2018 WL 6573080, at *2 (E.D. Cal. Dec. 13, 2018) (quoting *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 220–21, 231 (D. Ariz. 2012)). Considering the directly contradictory testimony on the issue discussed above, Defendants have not shown that the verdict was indisputably in error and completely disregarded the evidence. Thus, Defendants are not entitled to amendment of the judgment under Rule 59(e).

Finally, Defendants cite only Rule 60(b) in their motion, which refers to newly discovered evidence. (*See* Doc. 155-1 at 4.) To the extent the motion requests relief from the judgment under Rule 60 based on the jury's verdict on the fourth claim, Defendants would need to show that the verdict involved a "clearly erroneous factual determination" that caused "manifest injustice." *See Magarrell v. Mangis*, No. CIV. S-04-2634 LKK/DAD P, 2012 WL 4468206, at *3–4 (E.D. Cal. Sept. 25, 2012). For the same reasons Defendants are not entitled to relief on this basis under Rule 59, and considering the contradictory testimony, Defendants have not shown that the jury's verdict was "clearly erroneous" and caused "manifest injustice," and thus are not entitled to relief under Rule 60. *See id.*

**B.     Defendants' Motion for Judgment as a Matter of Law Under Rule 50(b) is Denied**

In their Rule 50(b) motion, Defendants renew the Rule 50(a) motion they filed during trial and request that the Court enter judgment notwithstanding the verdict on Plaintiff's first claim. (Doc. 156-1 at 1.) Defendants contend they are entitled to relief under Rule 50(b) because Plaintiff did not prove there was a contract requiring repayment of Plaintiff's investment in VDL; Plaintiff failed to establish the value of any investment in VDL; and Plaintiff failed to plead an accounting. (*Id.* at 2.)

A Rule 50(b) motion is limited to the grounds and arguments asserted in the pre-deliberation Rule 50(a) motion; thus, "a party cannot properly 'raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion." *Go Daddy Software, Inc.*, 581 F.3d at 961 (citation omitted). Here, Defendants filed a written Rule 50(a) motion that sets forth only one argument: that Defendants are entitled to judgment as a matter of law on Plaintiff's first claim because Plaintiff failed to plead an accounting. (*See* Doc. 139.) Even liberally construing the Rule 50(a) motion, Defendants did not make the remaining arguments made in the Rule 50(b) motion and therefore Defendants may not raise those arguments.[5] (*See id.*; Doc. 156-1); *Go Daddy Software Inc.*, 581 F.3d at 961. Even if the Court considers the additional arguments, however, Defendants would not be entitled to relief under Rule 50(b).

The jury concluded that there was a partnership between Qarni and Plaintiff in VDL, Qarni breached the partnership agreement entitling Plaintiff to repayment, and Plaintiff's damages from the breach equaled $100,000. (Doc. 152 at 2.) There is substantial evidence in the record from both Plaintiff *and* Defendants to support that finding, including testimony that Plaintiff and Qarni entered into a partnership and Plaintiff invested 50% of the $200,000, and emails between Plaintiff and Qarni memorializing aspects of Plaintiff's investment and the partnership agreement. (*See, e.g.,* Doc. 168 at 164–68 (exhibit P-201, email from Qarni requesting Plaintiff's approval of a proposed agreement to purchase VDL on behalf of the partnership); Doc. 169 at 21–30 (exhibit P-232, email from Qarni requesting Plaintiff's guidance in the operation of VDL), 62–67 (exhibit J-16, email from Plaintiff to Qarni memorializing Plaintiff's investment in VDL), 78–80 (Plaintiff's testimony that Qarni agreed to repay Plaintiff a "justifiable amount" for his investment in VDL), 157 (Plaintiff's testimony that he invested $120,000 in VDL); Doc. 170 at 105 (Qarni's testimony

---

[5] Defendants did not assert those grounds orally at trial, either. (*See* Doc. 171 at 26–28.)

that Plaintiff invested approximately $100,000 in VDL as a "partnership" investment), 262 (Qarni's testimony acknowledging that he agreed to repay Plaintiff a "justifiable amount" for his investment in VDL)). Considering the evidence at trial, the Court shall not reverse the jury's verdict. *See Payao*, 307 F.3d at 918.

As to Defendants' argument that Plaintiff was required to plead and establish an accounting, the Court has twice addressed and rejected this argument— once in adjudicating the Rule 50(a) motion and again in denying Defendants' motions in limine. (*See* Docs. 77-3, 92; Doc. 171 at 27–28.) As the Court stated on the record regarding Defendants' Rule 50(a) motion, under California law, a partner may sue another partner to enforce his rights under the partnership agreement pursuant to California Corporations Code § 16405(b), without establishing an accounting. *See Schnabel v. Lui*, 302 F.3d 1023, 1030 (9th Cir. 2002). Defendants have not shown any basis in their motion for the Court to disturb that ruling. Accordingly, Defendants' argument fails and the Court denies Defendants' Rule 50(b) motion.

## IV. CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion for New Trial or, alternatively, for Amendment of the Judgment, (Doc. 155), is DENIED.

2. Defendants' Motion for Judgment as a Matter of Law, (Doc. 156), is DENIED.

IT IS SO ORDERED.

Dated:  **November 13, 2019**                    /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE