# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULAMNABI VAHORA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VALLEY DIAGNOSTICS LABORATORY, INC., et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01624-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT VALLEY DIAGNOSTICS LABORATORY, INC.'S MOTION TO STAY PROCEEDINGS TO ENFORCE THE JUDGMENT AND APPROVE BOND**<br><br>(Doc. 175) |

## I.　INTRODUCTION

On August 30, 2019, Defendant Valley Diagnostics Laboratory, Inc. ("VDL") filed a "Motion for a Stay of Proceedings to Enforce the Judgment/Approve Bond" pursuant to Rule 62 of the Federal Rules of Civil Procedure. (Doc. 175.)

In the motion, VDL represents that it has secured a supersedeas bond in the amount of $197,720, equivalent to approximately 125% of the judgment entered against VDL, and that VDL has deposited that amount in cash with a surety corporation. (*Id.* at 3.) The motion states Qarni's relatives provided the money to Qarni to deposit on behalf of VDL. (*See id.*) VDL requests that the Court stay proceedings to enforce the judgment against it during the pendency of any appeal of the judgment, and accept the supersedeas bond as security under Rule 62. (*See generally id.*)

Plaintiff filed an opposition on September 18, 2019, and VDL filed a reply on September 25, 2019. (Docs. 177, 178.)

Upon review of the motion and supporting documents, the Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g). Accordingly, the hearing on the motion set for October 2, 2019, was vacated. (Doc. 179.)

## II. LEGAL STANDARD

Rule 62 of the Federal Rules of Civil Procedure provides:

> (b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b). Rule 62(b) allows a party to stay execution of a judgment pending appeal by posting a supersedeas bond with the court. *See Hardesty v. Sacramento Metropolitan Air Quality Management District*, No. 2:10-cv-02414-KJM-KJN, 2019 WL 2715616, at *3 (E.D. Cal. June 28, 2019) ("Rule 62(d) [now Rule 62(b)] is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision . . .") (citing *Vacation Vill., Inc. v. Clark Cty., Nev.*, 497 F.3d 902, 913–14 (9th Cir. 2007)). Under this rule, a party can "receive the stay 'as a matter of right by posting a supersedeas bond acceptable to the court.'" *Nat'l Grange of the Order of Patrons of Husbandry v. Cal. Guild*, No. 2:14-cv-676 WBS DB, 2019 WL 2009533, at *2 (E.D. Cal. May 7, 2019) (quoting *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977)).

As to the amount of the bond, the district court has "inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). "The purpose of the supersedeas bond is to secure the appellees from any loss resulting from the stay in execution of judgment." *Nat'l Grange*, 2019 WL 2009533, at *2 (citing *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1027 (9th Cir. 1991)). Local Rule 151 generally requires a bond in the amount of 125 percent of the judgment amount. E.D. Cal. L.R. 151(d) (citing Fed. R. Civ. P. 62).

Local Rule 151 also provides that "[e]very security, bond, undertaking, or deposit instrument shall state the conditions of the obligation and shall contain a provision expressly subjecting it to all applicable federal law," and "[n]o security, bond, or undertaking with corporate surety shall be accepted unless the corporate surety is in compliance with the provisions of 31 U.S.C. §§ 9304–06[.]" E.D. Cal. L.R. 151(e), (f).

### III. DISCUSSION

VDL seeks to stay proceedings to enforce the judgment during the pendency of an appeal of the judgment[1] by posting a supersedeas bond with the Court in the amount of $197,720—which represents approximately 125% of the $158,175 judgment against VDL. (Doc. 175.) Plaintiff objects to the form of the bond, contending that the bond is not in compliance with Local Rule 151, because it does not (1) contain a provision expressly subjecting the bond to "all applicable federal law" or (2) establish that the corporate surety is in compliance with 31 U.S.C. §§ 9304–06. (Doc. 177 at 16.) Plaintiff also contends the Court should apply a four-factor test to determine whether entry of the stay is appropriate, and notes that Defendants have not yet filed a notice of appeal of the judgment—since the judgment is not yet final. (*See id.*)

A "party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). "Under Fed. R. Civ. P. 62(d), an appellant may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court." *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977). Rule 62(b) states that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b).

---

[1] The specific relief requested by VDL is an order "[s]taying all proceedings to enforce the Judgment pending final adjudication of VDL's appeal." (Doc. 175 at 2.) However, to the extent VDL requests a stay of proceedings to enforce the judgment during the pendency of the post-trial motions, that request is denied as moot since the Court has addressed the post-trial motions in an Order, (*see* Doc. 180), filed contemporaneously herewith. *See Guidance Electronics LLC v. Dentsply Inter., Inc.*, 791 F. Supp. 2d 1023, 1026 (D.N.M. May 10, 2011).

3

In contending that the Court should apply a four-factor test to determine whether entry of the stay is appropriate, Plaintiff cites *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR, 2015 WL 13387576 (N.D. Cal. Oct. 23, 2015). (Doc. 177 at 14–15.) However, the court in that case applied the test to determine whether the bond requirement should be *waived*, and a stay should be entered under a different subsection of Rule 62. *See Angioscore*, 2015 WL 13387576, at *1–2. As stated by the court in *Angioscore*, that test does not apply where the appellant posts a supersedeas bond. *See id.* at *1 ("[T]he prevailing party may execute upon the judgment absent imposition of a formal stay pending appeal, which an appellant is entitled to obtain from the trial court by posting an adequate supersedeas bond pursuant to Rule 62(d).").

VDL is entitled to a stay of proceedings to enforce the judgment pending appeal upon the posting of a supersedeas bond deemed acceptable by the Court. *See Matter of Combined Metals Reduction Co.*, 557 F.2d at 193. Rule 62 provides that a party may obtain a stay "[a]t any time after judgment is entered." *See* Fed. R. Civ. P. 62(b). The stay becomes effective upon the Court's approval of the supersedeas bond and will expire upon the termination of any appeal, or if VDL fails to file a notice of appeal within the time prescribed in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 62.

As to the amount of the bond, the Court finds that $197,720 is an acceptable amount as it complies with Local Rule 151 and is equivalent to approximately 125% of the judgment amount. Regarding the form of the bond, VDL has sufficiently established that the corporate surety, United States Fire Insurance Company, complies with 31 U.S.C. §§ 9304–06. *See* Doc. 178. The bond must, however, include an explicit statement that the corporate surety complies with those sections. *See Flagship West, LLC v. Excel Realty Partners, L.P.*, Case No. CV F 02-5200 LJO DLB, 2011 WL 13301319, at *2 (E.D. Cal. Oct. 28, 2011). The bond must also state explicitly that it is "subject to all applicable federal law," E.D. Cal. L.R. 151(e), and must also set forth the duration of the stay requested, *see* Fed. R. Civ. P. 62(b). Thus, VDL's amended

4

proposed bond must state that the bond is posted to secure a stay of enforcement of the judgment against VDL until determination of any appeal filed by VDL, or if VDL does not appeal the judgment once it becomes final, until after the time for filing a notice of appeal expires. *See id.*; *Flagship West*, 2011 WL 13301319, at *2.

Accordingly, the Court denies without prejudice VDL's motion, and directs VDL to file on the docket an amended proposed bond in accordance with this Order by November 25, 2019. The Court ORDERS Plaintiff not to execute on the judgment until further order of the Court. *See Flagship West*, 2011 WL 13301319, at *2. The Court will enter a separate order approving or rejecting the bond, and setting forth the terms of the stay if the bond is approved, upon the filing of the amended proposed bond.

## IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant VDL's Motion for a Stay of Proceedings to Enforce the Judgment/Approve Bond, (Doc. 175), is DENIED WITHOUT PREJUDICE.

The Court ORDERS Defendant VDL to file on the docket an amended proposed bond in accordance with this Order by no later than November 25, 2019. The Court further ORDERS Plaintiff not to execute on the judgment until further order of the Court.

IT IS SO ORDERED.

Dated: __**November 13, 2019**__     /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE